IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CINDY L.ADKINS,<br>Executrix of the Estate<br>of JOHN J. BALAS,<br><br>      Plaintiff,<br><br>      v.<br>STANLEY W. TAYLOR, JR.,<br>ALAN MACHTINGER,<br>MICHAEL DELOY,<br>DAVID WILKINSON,<br>TRUMAN MEARS, and the<br>DEPARTMENT OF CORRECTION<br>of the STATE OF DELAWARE,<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C. A. No. 06-0592-JJF |

**ANSWER OF DEFENDANTS**

1.     Admitted only that the decedent committed suicide on February 19, 2005 for reasons unrelated to his job, and that the plaintiff has filed this survival action. Denied that the relief sought is available to the plaintiff. Further denied that plaintiff is entitled to the relief sought. All allegations of "retaliation" are denied. It is further denied that the decedent was prevented from exercising his constitutional rights. It is further denied that any act or omission on the part of any defendant contributed in any way to decedent's suicide.

**I.     JURISDICTION**

2.     Admitted only that the Court has jurisdiction to hear this claim. Denied that the plaintiff can pursue a survival action based on the suicide of the decedent.

## II.    PARTIES

3.     Admitted, by information and belief.

4.     Denied as alleged. Admitted only that the decedent held the rank of Corporal at the time of his death, and had been employed by the Department of Correction for eleven years. His job performance during his career is reflected in periodic performance evaluations and other information found in his personnel file. Admitted by information and belief that he participated in COAD. Admitted that COAD is the bargaining agent for Department of Correction employees.

5.     Admitted by information and belief.

6.     The first and second sentences are admitted. The third sentence is denied as alleged. Admitted only that Commissioner Taylor was in a position of administrative authority to review the operations of the Department of Correction. The final sentence is denied.

7.      The first and second sentences are admitted. The third sentence is denied as alleged. Admitted only that Mr. Machtinger was in a position of administrative authority to review the Human Resources operations of the Department of Correction. The final sentence is denied.

8.     The first and second sentences are admitted. The third sentence is denied as alleged. Admitted only that Deputy Warden Deloy was in a position of administrative authority at the Sussex Correctional Institution. The final sentence is denied.

9.     The first and second sentences are admitted. The third sentence is denied as alleged. Admitted only that Captain Wilkinson was in a position of command authority within the Institution. The final sentence is denied.

10. The first and second sentences are admitted. The third sentence is denied as alleged. Admitted only that Lieutenant Mears was in a position of command authority within the Institution. The final sentence is denied.

11. Admitted only that the Department of Correction is a State agency, named as a defendant in the lawsuit filed by the plaintiff. Denied that the plaintiff has any right or basis to recover fees or costs in this case.

### III. ALLEGATIONS
#### A. THE LACK OF PROTECTED SPEECH

12. Denied as alleged. Admitted only that COAD was certified as noted. The allegation as to "ineffective union representation" is denied.

13. The answering defendants are without sufficient information, knowledge, or belief to respond, and the averment is therefore denied.

14. Denied as alleged. Admitted only that COAD engaged in contract negotiations with the Department of Correction during the time frame set forth.

15. Denied as alleged. Admitted only that COAD members engaged in negotiations related to their employment with the Department of Correction.

16. Denied as alleged. Admitted only that COAD members engaged in negotiations related to their employment with the Department of Correction.

17. Denied as alleged. Admitted only that Department of Correction employees raised various job-related issues, such as security, overtime, and turnover, in the course of collective bargaining and negotiations conducted by COAD.

18.     Denied as alleged.  Admitted only that Department of Correction employees raised various job-related issues, such as security, overtime, and turnover, in the course of collective bargaining and negotiations conducted by COAD.

19.     Denied as alleged.  Admitted only that employees raised salary as an issue in contract negotiations.  Admitted that New Jersey pays a higher starting salary to correctional officers than Delaware pays.  Denied that Maryland pays a higher salary than Delaware for equivalent correctional officer positions.  Correctional officers in Delaware have received periodic pay raises, and are eligible during their career with the Department of Correction for promotions, transfers, and extra duty assignments that yield additional compensation.

20.     Denied as alleged.  Admitted only that COAD raised job-related issues such as security and minimum staffing at the Delaware Correctional Center in the course of contract negotiations.

21.     Denied as alleged.  Admitted only that COAD raised job-related issues such as security and minimum staffing at the Delaware Correctional Center in the course of contract negotiations.  Denied that attacks on correctional officers are increasing.  They are not.

22.     Denied as alleged. Admitted only that, on the date alleged, a female counselor was assaulted by an inmate and held hostage, before being rescued.  The incident occurred at the Delaware Correctional Center in Smyrna, not at the Sussex Correctional Center as alleged.  Further admitted that COAD raised the issue of employee security in the context of labor negotiations.

23.     Denied as alleged.  COAD sought to promote the interests of Department of Correction employees in the context of contract negotiations.  The news media independently reported on issues involving the Department of Correction.

24. Denied as alleged. The defendants are without knowledge or belief as to the attitude of COAD officers with respect to contract negotiations. The negotiations were ongoing, constructive, and at times contentious. Some progress was made. The Department of Correction administration took steps to address issues such as staffing, compensation, and security and other employee grievances.

25. Denied as alleged. Admitted only that some employees in the Court Transportation Unit refused to work their scheduled job assignments.

26. Denied as alleged. Admitted only that some employees in the Court Transportation Unit refused to work their scheduled job assignments. Further admitted that the failure of some CTU employees to report for work caused concerns and problems for judges and prosecutors.

27. Denied as alleged. Negotiations between the Department of Correction and COAD had been underway prior to the refusal of some CTU employees to work. These negotiations continued. The balance of the averment is denied.

28. Denied.

29. Denied as alleged. The Governor monitored the situation in conjunction with the Commissioner, in order to insure that the courts could continue to function normally with adequate staffing for prisoner transportation. The balance of the averment is denied.

30. Denied as alleged. The Court filing and disposition speak for themselves. Denied that the failure of some employees to report for work influenced the ongoing contract negotiations, or the Court of Chancery. The balance of the averment is denied.

31. Denied as alleged. Admitted only that, on the date alleged, The Department of Correction CERT team was activated to assist the CTU officers in the transportation of

5

inmates to and from the courts. Commissioner Taylor was aware that some CERT members failed to report for work. Steps were taken to insure adequate staffing.

32. Denied as alleged. Admitted only that the decedent was a CERT Team member on August 6, 2004. The balance of the averment is denied.

### B. THE FORM AND CONTENT OF JOB-RELATED ACTIVITY

33. Denied as alleged. Admitted only that the CERT members were asked to assist CTU in the transportation of inmates to and from the courts. The balance of the averment is denied.

34. Denied.

35. Denied as alleged. The defendants are without knowledge or belief as to actions discussed by the decedent or other employees. Admitted only that the decedent and some other employees failed to report for CERT duty. Admitted by information and belief that this action was taken to pursue employee grievances in the context of collective bargaining and contract negotiations. The balance of the averment is denied.

36. The first sentence is admitted. The second sentence is denied.

37. Denied as alleged. Admitted only that the decedent and several others declined to participate in a CERT assignment.

38. Denied.

39. Denied as alleged. The defendants have no specific recollection of any such newspaper article. The balance of the averment is denied.

## C. DECEDENT ACTED IN THE CONTEXT OF HIS EMPLOYMENT

40.     Denied.

41.     Denied.

42.     Admitted.

43.     Denied as alleged. Admitted only that the decedent served on the CERT Team, except that the decedent's service on the CERT Team was interrupted twice by dismissals for cause occurring prior to his resignation.

44.     Admitted.

45.     The averment is denied as incomprehensible.

46.     Denied.

47.     The first sentence is denied. The defendants are without knowledge or belief as to the second sentence. The third sentence is denied as alleged. Admitted only that the decedent failed to report for his CERT assignment.

48.     Denied.

49.     Denied.

50.     Denied as alleged. No such policy existed. The allegations as to the functions of the Human Resources Division are admitted. The balance of the averment is denied.

51.     Denied.

52. Denied.

53. Denied.

54. Denied.

        E.        **DECEDENT EXPERIENCED NO ADVERSE ACTION**

55. Denied as alleged. The defendants are without knowledge or belief as to the decedent's attitude toward his supervisor. At one point, months after resigning from CERT, in the context of a dispute over a performance evaluation, the decedent asked for a transfer to another supervisor. After further discussion of the evaluation, decedent did not pursue the request. The balance of the averment is denied.

56. Admitted.

57. Admitted.

58. Denied.

59. Denied.

60. Denied as alleged. "Meets expectations" is not a mediocre evaluation. The decedent had previously received evaluations of "meets expectations" in 1996 and 1999. The balance of the averment is admitted.

61. Denied.

62. Denied as alleged. The decedent had previously received evaluations of "meets expectations" in 1996 and 1999. The balance of the averment is admitted.

63. Denied.

64. Denied.

65. The defendants are without knowledge or belief as to what the decedent believed. The balance of the averment is denied.

66. Denied.

67. Denied as alleged. The defendants are without knowledge as to the decedent's career aspirations. Denied that "meets expectations" reflects a mediocre evaluation. Denied that a single evaluation of "meets expectations" would hinder an employee's advancement. Decedent had several evaluations of 'meets expectations", and remained eligible for promotion. The balance of the averment is denied.

68. The first sentence is admitted. The second sentence is denied.

69. Denied.

70. Denied as alleged. Lt. Mears asked the decedent to sign where indicated to acknowledge having received and read the evaluation. The decedent refused to sign. An evaluation of "meets expectations" is not a mediocre evaluation. The balance of the averment is denied.

71. Denied as alleged. Admitted only that the decedent contacted Captain Wilkinson regarding decedent's refusal to sign the performance evaluation. There was no request for a union representative.

72. Denied as alleged. The decedent refused to accept a copy of his performance evaluation. The balance of the averment is denied.

73.     Denied.

74.     Denied as alleged. At some point later in February, the decedent asked that his performance evaluation be returned to him. The balance of the averment is denied.

75.     Denied.

76.     Denied as alleged. Decedent's performance was routinely monitored by his supervisor. The balance of the averment is denied.

77.     The first sentence is admitted, by information and belief. The balance of the averment is denied as alleged. Notations as to emergency vacation days were routinely made for all employees who used such days. There is no distinction made between vacation days. The balance of the averment is denied.

78.     Denied as alleged. The decedent mentioned the vacation timekeeping to Captain Wilkinson, who discussed it with Lt. Mears, who agreed to remove the "emergency" notations as to all employees. Lt. Mears was not disciplined or reprimanded. There was no retaliatory behavior on the part of any defendant. The balance of the averment is denied.

79.     Denied as alleged. In January of 2005, Lt. Mears prepared timecard totals for the year 2004 for fifteen subordinate employees. The decedent requested a copy of his timecard on the very day this work was completed, and Lt. Mears immediately gave the decedent a copy of his timecard. Decedent was the first employee to receive his timecard. There was no delay whatsoever. The balance of the averment is denied.

80.     Denied as alleged. At one point, months after resigning from CERT, in the context of a dispute over a performance evaluation, the decedent asked for a transfer to another supervisor. After further discussion of the evaluation, decedent did not pursue the request. At no time did the decedent mention "retaliation". To the extent, if any, that

the decedent had a mental or emotional condition, it was not job-related. The balance of the averment is denied.

81.  Denied.

82.  Denied as alleged. The defendants are without knowledge as to any physical complaints, medical tests, or medication. To the extent, if any, that the decedent suffered from physical ailments or sought medical diagnosis or treatment, such matters were not job-related. The balance of the averment is denied.

83.  The allegation of "harassment" is denied. The defendants are without knowledge as to the decedent's expectations as to career advancement. The balance of the averment is denied.

84.  Denied as alleged. The defendants are without sufficient knowledge as to what the decedent told his close friends. The balance of the averment is denied.

85.  Denied as alleged. Admitted by information and belief that the decedent was experiencing personal problems, unrelated to his work, which caused concern to his family and friends. The balance of the averment is denied.

86.  Denied.

87.  Denied.

88.  Denied as alleged. The defendants are without knowledge as to any efforts on the part of decedents' family or friends to help him. Admitted by information and belief that medication was prescribed. Denied that any anxiety experienced by the decedent was work-related. The balance of the averment is denied.

89.  The defendants are without sufficient knowledge or information to respond.

90. Denied as alleged. Admitted only that the decedent took his own life as alleged, and that his widow subsequently remarried. Denied that the defendants were responsible for the suicide of the decedent. The balance of the averment is denied.

### F. NO DAMAGES ARE RECOVERABLE FROM DEFENDANTS

91. Denied as alleged. Denied that the defendants caused the decedent's death. The allegation of "harassment" is denied. Admitted by information and belief that the decedent suffered from stress related to personal problems and unrelated to his job. The balance of the averment is denied.

92. Denied.

93. Denied.

### G. LACK OF A CAUSAL LINK

94. Denied, as to each and every particular and subpart.

95. Denied.

96. Denied.

97. Denied as alleged. The allegations made against the defendants are denied. The defendants are without sufficient information to respond to the hypothetical question. The balance of the averment is denied.

98. Denied.

99.     Denied as alleged.  The allegations made against the defendants are denied.  The defendants are without sufficient information to respond to the hypothetical question.  The balance of the averment is denied.

100.    Denied as alleged.  The allegations of adverse action and unfair treatment are denied.  The defendants did not violate the Constitution.  Plaintiff's legal analysis if flawed.  The balance of the averment is denied.

## IV.    DENIAL OF ALLEGATIONS REGARDING DEFENDANTS' CONDUCT

101.    Denied.

102.    Denied.

103.    The first sentence is admitted.  The allegation of "federal constitutional deprivations" is denied as to the individual defendants and the Department of Correction of the State of Delaware.  The balance of the averment is denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    The defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 114 above.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Denied.

121.    Denied.

122.    Denied.

123.    The defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 122 above.

124.    Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. The defendants restate and incorporate herein by reference the responses set forth in paragraphs 1 through 129 above.

131. The defendants are without knowledge as to the decedent's relationship with COAD, except to admit by information and belief that decedent was a union member. The balance of the averment is denied.

132. Denied.

133. Denied.

134. Denied.

135. Denied.

136. Denied as alleged. The allegations of adverse action and unfair treatment are denied. The defendants did not violate the Constitution. Plaintiff's legal analysis is flawed. The balance of the averment is denied.

137. Denied.

138. Denied.

139. Denied. The defendants further deny that the plaintiff is entitled to any of the relief sought.

## V. AFFIRMATIVE DEFENSES

140. Plaintiff's cause of action arises under 42 U.S.C. §1983, and all claims asserted are barred by the applicable two-year statute of limitations, 10 *Del.C.* §8119, in that they arose in July and August of 2004, as alleged in the Complaint, and the lawsuit was belatedly filed on September 25, 2006.

141. All claims asserted are barred by the qualified immunity of the defendants.

142. All claims asserted against the State of Delaware are barred by the doctrine of sovereign immunity and by the Eleventh Amendment to the United States Constitution.

143. Under Delaware law, 10 *Del.C.* §§3701, 3704, the plaintiff's claims arising from the suicide of the decedent cannot be pursued in a survival action.

144. Plaintiff has failed to state a claim upon which relief can be granted.

WHEREFORE, the defendants demand that plaintiff's lawsuit be dismissed, with prejudice, with all costs payable by the plaintiff.

/s/ Ralph K. Durstein, III
Ralph K. Durstein, III (ID# 912)
Stacey Xarhoulakos (ID#4667)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510

DATED: February 6, 2007

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CINDY L.ADKINS,** ) | |
| **Executrix of the Estate** ) | |
| **of JOHN J. BALAS,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | C. A. No. 06-0592-JJF |
| **STANLEY W. TAYLOR, JR.,** ) | |
| **ALAN MACHTINGER,** ) | |
| **MICHAEL DELOY,** ) | |
| **DAVID WILKINSON,** ) | |
| **TRUMAN MEARS, and the** ) | |
| **DEPARTMENT OF CORRECTION** ) | |
| **of the STATE OF DELAWARE,** ) | |
| ) | |
| **Defendants.** ) | |

**CERTIFICATE OF MAILING AND/OR DELIVERY**

The undersigned certifies that on February 6, 2007, he caused the attached Answer of Defendants to be electronically filed with the Clerk of Court using CM/ECF which will send notification of such filing to the following:

Thomas S. Neuberger, Esq.
Stephen J. Neuberger, Esq.
Two East Seventh Street, Suite 302
Wilmington, DE 19801

/s/ Ralph K. Durstein III
Ralph K. Durstein III, I.D. #912
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510
Attorney for Defendants