IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CINDY L. BALAS a/k/a CINDY L. ADKINS,** Executrix of the Estate of CORPORAL JOHN J. BALAS, | : <br> : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | :    C.A.No. 06-592-JJF <br> : |
| **STANLEY W. TAYLOR, JR.,** individually and in his official capacity as the Commissioner of Correction; **ALAN MACHTINGER,** individually and in his official capacity as the Director of Human Resources of the Department of Correction; **MICHAEL DELOY,** individually and in his official capacity as Deputy Warden of Sussex Correctional Institution; **CAPTAIN DAVID WILKINSON,** individually; **LIEUTENANT TRUMAN MEARS,** individually; and **DEPARTMENT OF CORRECTION OF THE STATE OF DELAWARE,** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| **Defendants.** | : <br> : |

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST DEFENDANT TRUMAN MEARS**

Pursuant to Fed.R.Civ.P. 56, for the reasons stated in the accompanying Opening Brief, and there being no disputed issue of material fact, plaintiff Moves that the Court issue an Order granting her partial summary judgment and finding that -

(1) Plaintiff engaged in protected First Amendment activity under the association, free speech and petition clauses when he debated defendant Mears about union solidarity on August 5, 2004; resigned from CERT and refused to cross a union picket line on August 6, 2004; filed a union grievance about his downgraded job evaluation; and was a member of COAD.

(2) Plaintiff has suffered adverse employment action in that a course of retaliatory action was taken against him which would chill a person of ordinary firmness.

(3) Plaintiff has proven that his protected First Amendment activity was a substantial or motivating factor in the retaliatory actions defendant Mears took against him.

(4) Defendants have waived and failed to prove or offer evidence of a same decision anyway defense to plaintiff's claims.

Accordingly, with liability established, a trial on damages only should be ordered against defendant Mears.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: January 31, 2007        Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CINDY L. BALAS a/k/a CINDY L. ADKINS,** Executrix of the Estate of CORPORAL JOHN J. BALAS, | : <br> : <br> : <br> : <br> : |
| **Plaintiff,** | : <br> : |
| v. | :    C.A.No. 06-592-JJF |
| | : |
| **STANLEY W. TAYLOR, JR.,** individually and in his official capacity as the Commissioner of Correction; **ALAN MACHTINGER,** individually and in his official capacity as the Director of Human Resources of the Department of Correction; **MICHAEL DELOY,** individually and in his official capacity as Deputy Warden of Sussex Correctional Institution; **CAPTAIN DAVID WILKINSON,** individually; **LIEUTENANT TRUMAN MEARS,** individually; and **DEPARTMENT OF CORRECTION OF THE STATE OF DELAWARE,** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| **Defendants.** | : <br> : |

## ORDER

This _____ day of _____, 2008, there being no material issue in dispute, pursuant to Fed.R.Civ.P. 56, the Court grants partial summary judgment in favor of plaintiff against defendant Truman Mears. It is hereby Ordered that-

(1) Plaintiff engaged in protected First Amendment activity under the association, free speech and petition clauses when he debated defendant Mears about union solidarity on August 5, 2004; resigned from CERT and refused to cross a union picket line on August 6, 2004; filed a union grievance about his downgraded job evaluation; and was a member of COAD.

(2) Plaintiff has suffered adverse employment action in that a course of retaliatory action was taken against him which would chill a person of ordinary firmness.

(3) Plaintiff has proven that his protected First Amendment activity was a substantial or motivating factor in the retaliatory actions defendant Mears took against him.

(4) Defendants have waived and failed to prove or offer evidence of a same decision anyway defense to plaintiff's claims.

(5) A trial on damages shall be held against defendant Mears.

_____
**THE HONORABLE JOSEPH J. FARNAN**

**CERTIFICATE OF SERVICE**

    I, Thomas S. Neuberger, being a member of the bar of this Court do hereby certify that on January 31, 2008, I electronically filed this **Motion** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Ralph Durstein, Esquire
>Stacey Xarhoulakos, Esquire
>Department of Justice
>Carvel State Office Building
>820 North French Street
>Wilmington, DE 19801

    /s/ Thomas S. Neuberger
    **THOMAS S. NEUBERGER, ESQ.**

Balas \ Pleadings \ Motions \ Balas - Motion for SJ