## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CINDY L. BALAS a/k/a CINDY L.** | : | |
| **ADKINS, Executrix of the Estate of** | : | |
| **CORPORAL JOHN J. BALAS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A.No. 06-592-JJF** |
| | : | |
| **STANLEY W. TAYLOR, JR., individually** | : | |
| **and in his official capacity as the** | : | |
| **Commissioner of Correction; ALAN** | : | |
| **MACHTINGER, individually and in his** | : | |
| **official capacity as the Director of Human** | : | |
| **Resources of the Department of** | : | |
| **Correction; MICHAEL DELOY,** | : | |
| **individually and in his official capacity as** | : | |
| **Deputy Warden of Sussex Correctional** | : | |
| **Institution; CAPTAIN DAVID** | : | |
| **WILKINSON, individually;** | : | |
| **LIEUTENANT TRUMAN MEARS,** | : | |
| **individually; and DEPARTMENT OF** | : | |
| **CORRECTION OF THE STATE OF** | : | |
| **DELAWARE,** | : | |
| | : | |
| **Defendants.** | : | |

## THE PARTIES' JOINT PROPOSED JURY INSTRUCTIONS

1.    Where the parties have agreed upon an instruction, the title of the joint proposed instruction is preceded without either a "P" or "D."

2.    Where the parties have not been able to agree upon an instruction, each party has attached their proposed instructions hereto.  The defendants' instruction is labeled as a "D."  The plaintiffs' proposed instruction is labeled as a "P."

**THE NEUBERGER FIRM, P.A.**
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801

(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Plaintiff


**DEPARTMENT OF JUSTICE, STATE OF
DELAWARE
RALPH DURSTEIN, ESQ. (#912)
STACEY STEWART, ESQ. (#4667)**
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Ralph.Durstein@state.de.us
Stacey.Stewart@state.de.us

Attorneys for Defendants

# TABLE OF CONTENTS

1. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

2. JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

3P. THE PARTIES AND THEIR CONTENTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

3D. THE PARTIES AND THEIR CONTENTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

4. EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5. CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6. DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

7. NOT REQUIRED TO PUT IN ALL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **8**

8. CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

9. CONFLICTS OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

10. NUMBER OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

11. EXPERT WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

12. DEPOSITION OR PRIOR TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

13. VERDICT BASED ON EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

14. BURDEN OF PROOF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

15P. RETALIATION FOR FIRST AMENDMENT ACTIVITY . . . . . . . . . . . . . . . . . . . . . 16

15D. RETALIATION FOR FIRST AMENDMENT ACTIVITY . . . . . . . . . . . . . . . . . . . . . 17

16P. PROXIMATE CAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

16D. PROXIMATE CAUSE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

17P. DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

17D. DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

18. PUNITIVE DAMAGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

19. EFFECT OF INSTRUCTION AS TO DAMAGES  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

20. DELIBERATION AND VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

21. SPECIAL VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

22. COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

## 1. <u>INTRODUCTION</u>[1]

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

Though each of you have been provided a copy of these instructions, it is important that you focus your attention on me while the instructions are being read. You will be able to take your copies with you into your deliberations and refer to them at the time, if necessary.

I will start by explaining your duties and the general rules that apply in every civil case. Then I will explain some rules that you must use in evaluating particular testimony and evidence.

I will explain the positions of the parties and the law you will apply in this case.

Finally, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

---

[1] With the exception of Instructions 15, 17 and 18, these proposed instructions are taken from the prayers given by this Court in the case of <u>Schreffler v. Mitchell, et al.</u>, C.A.No. 03-781-JJF, on March 1, 2005.

## 2. <u>JURORS' DUTIES</u>

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if plaintiff has carried her burden to prove that the defendant is liable.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence you decision in any way.

### 3P.  THE PARTIES AND THEIR CONTENTIONS

The parties in this case are Cindy L. Balas, as the Executrix of the Estate of Corporal John J. Balas, deceased, who is known as the plaintiff, and Lieutenant Truman Mears, who is known as the defendant.  The Executrix brings claims on behalf of the deceased.

Plaintiff John Balas contends that he was the victim of illegal retaliation in violation of his rights to free speech and to petition the government for redress of grievances under the First Amendment to the United States Constitution when he given a poor evaluation and harassed by the defendant after he spoke out on multiple occasions in support of the union and union solidarity against the management of the Department of Correction ("DOC").

The defendant denies all claims raised against him.

## 3D.  <u>THE PARTIES AND THEIR CONTENTIONS</u>

The parties in this case are Cindy L. Balas, as the Executrix of the Estate of Corporal John J. Balas, deceased, who is known as the plaintiff, and Lieutenant Truman Mears, who is known as the defendant.  The Executrix brings claims that the deceased person could have brought during their lifetime.  She makes no claim on her own behalf in this lawsuit.

Plaintiff John Balas contends that he engaged in "protected speech" in August of 2004, and that the defendant retaliated against him at work in the Fall of 2004 and early 2005.

The defendant denies the allegations of "retaliation" and disputes the claim that Balas suffered any harm at work.

## 4.  EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.  I specifically instruct you to disregard any media coverage of these matters during your service as jurors.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations to which the lawyers agreed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  My comments and questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  I may also have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  You must completely ignore all of these things.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

### 5.  **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of

your everyday experience with people and events, and give it whatever weight you believe it

deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you

are free to reach that conclusion.

## 6. <u>DIRECT AND CIRCUMSTANTIAL EVIDENCE</u>

You have heard the terms direct evidence and circumstantial evidence.

Direct evidence is evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that she saw it raining outside, and you believed her, that would be direct evidence that it was raining.

Circumstantial evidence is a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

### 7.  <u>NOT REQUIRED TO PUT IN ALL EVIDENCE</u>

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue in this trial.  Nor does the law require any party to produce as exhibits all paper, documents, or objects mentioned in the evidence of the case.

## 8. CREDIBILITY OF WITNESSES

You, as the jurors, are the sole judges of the credibility of the witnesses and of the value, weight, and sufficiency of their testimony.

You should carefully consider all of the testimony that has been given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' motive, state of mind, demeanor, and manner while on the stand. Consider the witness' ability to observe the matters to which he has testified, and whether that witness impresses you as having an accurate recollection of those matters. Consider also any relationship each witness may have to either side of the case, the manner in which each witness might be affected by the verdict and the extent to which (if at all) the testimony of each witness is either supported or contradicted by other evidence in the case.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have the right to distrust such witness' testimony in other particulars and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

You should remember that a simple mistake by a witness does not necessarily means that the witness was not telling the truth. People may forget some things or remember other things inaccurately. If a witness had made a misstatement, you must consider whether it concerns an important fact or an unimportant fact.

### 9. <u>CONFLICTS OF EVIDENCE</u>

If you find the evidence in this case to be in conflict, you should try to reconcile it to make one harmonious and understandable story of it all, but if you cannot reconcile the differences, then it becomes your duty to estimate the weight and the value of the evidence of the respective sides and give credence to that side upon which you find the greater weight and the most credit.  In estimating that weight and giving credit, you may consider each witness' means of knowledge, the facts about which the witness testified, the witness' intelligence, the witness' apparent truthfulness and fairness, and all other facts and circumstances indicating whether the witness is reliable.

## 10.  <u>NUMBER OF WITNESSES</u>

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

## 11.  <u>EXPERT WITNESSES</u>

There have been expert witnesses brought to testify before you.  Expert testimony is the testimony of persons who are skilled in some art, science, profession or business, which skill or knowledge is not common and which has come to such expert by reason of special study or experience in such art, science, profession or business.  The value of such testimony depends on the learning and skill of the expert and varies with the circumstances of each case.  The jury should take into consideration the expert's means of knowledge and the reasons he or she has assigned for the opinions that he or she has given and give credence to his or her testimony as the jury may find the expert's qualifications sufficient and his or her reasons satisfactory.  The testimony of an expert is to be considered like any other testimony and is to be tried by the same tests and should receive just as much weight and credit as the jury may deem it to be entitled in connection with all the evidence of the case.

## 12.  <u>DEPOSITION OR PRIOR TESTIMONY</u>

During the trial of this case, certain testimony was presented to you by way of deposition or prior testimony consisting of sworn recorded statements or answers to questions asked of a witness in advance of trial by one or more of the lawyers for the parties to the case.  The testimony of a witness may be presented in writing or on video when that witness cannot be present to testify in court or who is a party or was an employee or agent of a party when he or she testified under oath.

Such testimony is entitled to the same consideration and is to be judged as to credibility and weight and otherwise as if the witness had been present and had testified from the witness stand.

### 13.  <u>VERDICT BASED ON EVIDENCE</u>

I instruct you that your verdict must be based entirely and exclusively on the evidence in this case, and that you cannot be governed by passion, prejudice, or any motive whatever except a fair and impartial consideration of the evidence.  Further, you must not allow sympathy which you might have or entertain for any of the parties to influence you in arriving at your decision. The Court does not charge you not to sympathize with the plaintiff or the defendants, because it is only natural and human to sympathize with persons involved in litigation.  But the Court does charge you not to allow that sympathy to enter into the consideration of the case or to influence your verdict.

## 14. <u>BURDEN OF PROOF</u>

This is a civil case. The plaintiff Cindy Balas has the burden of proving her claims and damages by what is called a preponderance of the evidence. To establish something by a preponderance of the evidence means to prove that something is more likely true than not. To find that a party has proven something by a preponderance of the evidence, you must conclude that certain evidence, when considered and compared to the evidence opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true.

The preponderance of the evidence does not depend on the number of witnesses. If the evidence as to a particular element or issue is evenly balanced, the party has not proved the element by a preponderance of the evidence and you must find against that party. In determining whether any fact in issue has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them and all exhibits received in evidence regardless of who produced them.

Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That burden does not apply in a civil case and you should therefore put it out of your mind in considering whether or not the plaintiff Cindy Balas has met her burden of proof on various issues.

### 15P.  RETALIATION FOR FIRST AMENDMENT ACTIVITY[2]

The plaintiff has asserted a claim that the First Amendment rights of John Balas were violated when he was given a poor evaluation and harassed by the defendant after he spoke out on multiple occasions in support of union and union solidarity against the management of the Department of Correction ("DOC").

In order to prevail on this claim, plaintiff must prove that adverse action was taken against John Balas by the defendant.  An action is "adverse" if it would deter a person of ordinary firmness from engaging in protected activity under the First Amendment.  Put another way, the retaliatory actions must be sufficient to cause a reasonably hardy person to refrain from exercising his rights under the First Amendment.

If plaintiff has not proven this, then you must find for the defendant.

Next, plaintiff must prove by a preponderance of the evidence that Balas' protected speech in support of the union and union solidarity against management was a substantial or motivating factor in the adverse action taken against him.

If plaintiff has not proven this, then you must find for the defendant.

However, if the plaintiff has proven that Balas' speech was a substantial or motivating factor in the adverse action taken against him, that does not end the inquiry.

If the defendant next proves by a preponderance of the evidence that regardless of John Balas' speaking out, the same adverse action would have been taken against him anyway, then you must return a verdict for the defendant.

However, if defendant has not proven this, then you must return a verdict for the plaintiff.

---

[2]  With the exception of paragraph two (which was not at issue), this instruction also was used in Schreffler.

## 15D.  RETALIATION FOR FIRST AMENDMENT ACTIVITY[3]

The plaintiff has asserted a claim that John Balas' First Amendment rights were violated when through "retaliation" by the defendant after he engaged in "protected speech" in August of 2004.

In order to prevail on this claim, plaintiff must prove that adverse action was taken against John Balas by the defendant.  An action is "adverse" if it would deter a person of ordinary firmness from engaging in protected activity under the First Amendment.  Put another way, the retaliatory actions must be sufficient to cause a reasonably hardy person to refrain from exercising his rights under the First Amendment.

If plaintiff has not proven this, then you must find for the defendant.

Next, plaintiff must prove by a preponderance of the evidence that Balas' protected speech was a substantial or motivating factor in the adverse action taken against him.

If plaintiff has not proven this, then you must find for the defendant.

However, if the plaintiff has proven that Balas' speech was a substantial or motivating factor in the adverse action taken against him, that does not end the inquiry.

If the defendant next proves by a preponderance of the evidence that regardless of John Balas' speaking out, the same adverse action would have been taken against him anyway, then you must return a verdict for the defendant.

However, if defendant has not proven this, then you must return a verdict for the plaintiff.

---

[3]  With the exception of paragraph two (which was not at issue), this instruction also was used in Schreffler.

17

## 16P.  <u>PROXIMATE CAUSE</u>

If you determine that the defendant violated John Balas' rights, the defendant is only required to compensate him for those damages which plaintiff has proven by a preponderance of the evidence to have been a proximate cause of his conduct.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  In other words, there must not only be a causal link, but a direct one, with no intervening causes.  Thus, to award damages, the defendant's conduct must be the proximate cause of any damages which you find plaintiff has suffered.

You may not compensate plaintiff for damages for which the defendant's conduct is *not* a cause.  Therefore, you may not compensate the plaintiff for damages for any injuries John Balas received from any other source.

**16D.  <u>PROXIMATE CAUSE</u>**

If you determine that the defendant violated the decedent's rights, the defendant is only required to compensate him for those damages which plaintiff has proven by a preponderance of the evidence to have been a proximate result of his conduct.

Proximate cause is a cause that directly produces the harm, and but for which the harm would not have occurred.  In other words, there must not only be a causal link, but a direct one, with no intervening causes.  Thus, to award damages, the defendant's conduct must be the proximate cause of any damages which you find plaintiff has suffered.

You may not compensate plaintiff for damages for which the defendant's conduct is *not* a cause.  Therefore, you may not compensate the plaintiff for damages for any injuries John Balas received from any other source.

**17P.  <u>DAMAGES</u>**[4]

I now discuss the award of damages in this case.  I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case.

If you find that the plaintiff has proven by a preponderance of the evidence that the defendant violated John Balas' constitutional rights, that Balas was injured as a result of the violation, and that defendant's conduct was the proximate cause of Balas' injury, then you must determine whether plaintiff is entitled to damages.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole again - that is, to compensate the Estate of John Balas for any losses he suffered as a result of a violation of his rights.  An award of compensatory damages can only be made for those injuries that a plaintiff proves by a preponderance of the evidence were proximately caused by the unconstitutional conduct of the defendant.

Computing damages is difficult but you must not let that difficulty lead you to engage in arbitrary guesswork.  Damages are speculative when there is a mere possibility rather than a reasonable probability that an injury exists now or in the future.  On the other hand, the law does not require a plaintiff to prove the amount of his loss by mathematical precision but only with as much definiteness and accuracy as the circumstances permit.

If you determine based on the evidence and on the instructions which I have given you, that the defendant is liable to the plaintiff for damages sustained by John Balas, then you should award plaintiff such sums of money which will reasonably and fully compensate the Estate for

---

[4] Other than item # 4-5 in this instruction below (which are specific to the death injuries this case contains), this instruction also is taken from <u>Schreffler</u>.

each of the following elements of damages that you find to exist by a preponderance of the evidence:

1.  Such sum of money as will reasonably compensate the Estate for the emotional distress and or mental suffering John Balas suffered because of the conduct of the defendant.

2.  Such sum of money as will reasonably compensate the Estate for any injury to his reputation which John Balas suffered because of the conduct of the defendant.

3.  Such sum of money as will reasonably compensate the Estate for any humiliation which John Balas suffered because of the conduct of the defendant.

4.  Such sum of money as will reasonably compensate the Estate for the loss of earnings and loss of pension based upon the probable duration of John Balas' life had his death not occurred.

5.  Such sum of money as will reasonably compensate the Estate for funeral expenses incurred.

Compensatory damages also are not allowed as punishment and cannot be imposed to penalize a defendant. Any damages you award must be fair and reasonable, neither inadequate nor excessive. You may not award damages based on sympathy or passion but only if Balas has actually suffered injury and/or is reasonably likely to suffer in the near future. Specifically, you may award the total amount which the plaintiff has proven by a preponderance that John Balas lost because of the constitutional violation.

## 17D.  **DAMAGES**

I now discuss the award of damages in this case.  I should say preliminarily that my instructions of damages are not to be intended as any indication by the Court as to whether damages should or should not be awarded in this case.

If you find that the plaintiff has proven by a preponderance of the evidence that the defendant violated the decedent's constitutional rights, that the decedent was injured as a result of the violation, and that the defendant's conduct was the proximate cause of the decedent's injury, then you must determine whether plaintiff is entitled to damages.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole again - that is, to compensate the Estate of John Balas for any losses he suffered as a result of a violation of his rights.  An award of compensatory damages can only be made for those injuries that a plaintiff proves by a preponderance of the evidence were proximately caused by the unconstitutional conduct of the defendant.

Computing damages is difficult but you must not let that difficulty lead you to engage in arbitrary guesswork.  Damages are speculative when there is a mere possibility rather than a reasonable probability that an injury exists now or in the future.  On the other hand, the law does not require a plaintiff to prove the amount of his loss by mathematical precision but only with as much definiteness and accuracy as the circumstances permit.

If you determine based on the evidence and on the instructions which I have given you, that the defendant is liable to the plaintiff for damages sustained by John Balas, then you should award her such sums of money which will reasonably and fully compensate the Estate for each of the following elements of damages that you find to exist by a preponderance of the evidence:

1.    Such sum of money as will reasonably compensate the Estate for any emotional

22

distress and or mental suffering John Balas suffered because of the conduct of the defendant.

2.      Such sum of money as will reasonably compensate the Estate for any injury to reputation which John Balas suffered because of the conduct of the defendant.

3.      Such sum of money as will reasonably compensate the Estate for any humiliation which John Balas suffered because of the conduct of the defendant.

Compensatory damages also are not allowed as punishment and cannot be imposed to penalize a defendant. Any damages you award must be fair and reasonable, neither inadequate nor excessive. You may not award damages based on sympathy or passion but only if the decedent has actually suffered injury. Specifically, you may award the total amount which the plaintiff has proven by a preponderance that John Balas lost because of the constitutional violation.

## 18.  PUNITIVE DAMAGES

In certain situations, the law also permits, but does not require, a jury to award an injured person punitive damages in addition to compensatory damages.  There is a two-fold purpose to punitive damages: to punish a defendant for outrageous conduct and to deter him or others like him from performing similar conduct in the future.

You may award punitive damages if you find that plaintiff has proven, by a preponderance of the evidence, that the conduct of defendant, conduct which proximately caused John Balas' injuries, was done recklessly, intentionally or maliciously.  An act is "recklessly" done if it is characterized by an indifference to or a subjective consciousness that a person may be acting in violation of federal law.  Something is done "intentionally" when it is done with the aim of committing an act which violates federal law.  An act is done "maliciously" if it is prompted or accompanied by evil motive, ill will, spite or intent to injure.

There is no mathematical formula to apply in determining punitive damages.  The amount of such damages, if any, is left to the sound judgment of the jury.  In determining the amount of punitive damages, you should consider such things as the circumstances surrounding the particular defendants' actions, including the motives for those actions, the reprehensibility of the conduct, and the extent of the harm to John Balas, the need for a warning to others about such conduct, and any other factors you as the conscience of the community deem appropriate.  Any award should not be disproportionate to the award of compensatory damages, but rather should bear some reasonable relationship to it.

If you do award punitive damages, you should fix the amount using calm discretion and sound reason.  You must not be influenced by sympathy for or dislike of any party in the case.

## 19.  <u>EFFECT OF INSTRUCTIONS AS TO DAMAGES</u>

The fact that I have instructed you about damages should not be considered as my suggesting which party is entitled to your verdict in this case.  Instructions about the measure of damages are given for your guidance only if you find that any award  of damages is  appropriate.

### 20. <u>DELIBERATION AND VERDICT</u>

How you conduct your deliberations is up to you. But, however you conduct those deliberations, please remember that your verdict must represent the considered judgment of each juror.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts, not me. Your sole interest is to seek the truth from the evidence in the case.

In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom and your verdict shall be announced.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

That concludes the part of my instructions explaining the rules for considering the testimony and evidence.  Now let me finish up by explaining how you may communicate questions or messages to the court.

Once you start deliberating, do not talk to my Deputy Clerk, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the Deputy Clerk.  She will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson, who by custom of this court is juror Number 1.

One more thing about messages.  Do not ever write down or tell anyone else how you stand on your votes.  For example, do not write down or tell anyone else that you are split 6-2, or 4-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

## 21.  <u>SPECIAL VERDICT FORM</u>

To aid you in your deliberations a special verdict sheet has been prepared.  The questions on that sheet, called "special interrogatories," either call for a "yes" or "no" answer or for an answer containing a number.

The special verdict form instructs the jury to answer the questions in the order they are presented.  It is important to follow the order in which the questions are presented.  So, although you should certainly read through all of the questions before you start to answer any of them, I strongly urge that you take up the question in the order in which they are presented.

The answer to each question must be the unanimous answer of the jury.  Your foreperson, who by custom is the Number One juror, will write the unanimous answer of the jury in the space provided under each question.  The foreperson will then date and sign the special verdict form and the jury will notify the bailiff.

## 22.  <u>COURT HAS NO OPINION</u>

Let me finish by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You decide for yourselves if the plaintiff has proven his case by a preponderance of the evidence.

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Attorneys for Plaintiff

**DEPARTMENT OF JUSTICE, STATE OF DELAWARE**

**RALPH DURSTEIN, ESQ. (#912)**
**STACEY STEWART, ESQ. (#4667)**
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Ralph.Durstein@state.de.us
Stacey.Stewart@state.de.us

Dated: April 30, 2008            Attorneys for Defendants