IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CINDY L. BALAS a/k/a CINDY L. ADKINS, Executrix of the Estate of CORPORAL JOHN J. BALAS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | C.A.No. 06-592-JJF |
| | : | |
| STANLEY W. TAYLOR, JR., individually and in his official capacity as the Commissioner of Correction; ALAN MACHTINGER, individually and in his official capacity as the Director of Human Resources of the Department of Correction; MICHAEL DELOY, individually and in his official capacity as Deputy Warden of Sussex Correctional Institution; CAPTAIN DAVID WILKINSON, individually; LIEUTENANT TRUMAN MEARS, individually; and DEPARTMENT OF CORRECTION OF THE STATE OF DELAWARE, | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DX9 & DX10 - THE DELJIS AND POLICE REPORTS OF PLAINTIFF'S SUICIDE**


THE NEUBERGER FIRM, P.A.
THOMAS S. NEUBERGER, ESQ. (#243)
STEPHEN J. NEUBERGER, ESQ. (#4440)
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated:  July 18, 2008                    Attorneys for Plaintiff

**A. Introduction.** DX9 is the DELJIS report from the investigation of plaintiff's death. DX10 is the police report from the same.

**B. Fed.R.Evid. 401-402 (Relevance).** Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would without the evidence." Fed.R.Evid. 401.

Plaintiff is dead. The defense does not dispute this and has never claimed that plaintiff is really alive. Given that defendant admitted this in his Answer (see Compl. & Ans. ¶¶ 1, 90),[1] it has long been known that this is not a fact in dispute. This case revolves around the events leading up to plaintiff's death. It focuses upon whether plaintiff engaged in protected union speech and association, whether he was retaliated against by defendant Mears for this and whether plaintiff killed himself as a result. The police officers' analysis of the scene, the pictures of plaintiff's dead body with a bullet hole in his skull and the pictures of the handgun on the ground where it was dropped have nothing to do with any fact of consequence relevant to this action. Neither the DELJIS nor the police report will be of any aid whatsoever in determining whether or not defendant Mears retaliated against plaintiff because of his union activities.

**C. Fed.R.Evid 403.** Even assuming *arguendo* that these reports had some marginal relevance, they should still be excluded because they will confuse the issues, mislead the jury and waste time by needlessly presenting cumulative evidence. Fed.R.Evid. 403.

**1. Confusion of the Issues and Misleading of the Jury.** As the Third Circuit has explained, under Rule 403 "evidence may be excluded when its admission would lead to

---

[1] This fact also is listed as #1 and 22 under section 3 of the Pretrial Order entitled "A Statement of the Facts Which Are Admitted and Require No Proof."

litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994). The Court continued and noted that the trial court must consider "the extent to which [the] proposition [is] directly at issue in the case." Id.

Here, as explained above, the fact of plaintiff's death is not at issue. Instead, the jury will be tasked with determining if defendant Mears retaliated against plaintiff because of his union speech and association and, if so, what measure of damages plaintiff's estate is entitled to. The jury will not be determining whether or not plaintiff committed suicide. The defense took this issue off the table several years ago by repeatedly admitting this fact in their Answer. These reports confuse the issue and divert attention away from the true issue - why he committed suicide.

**2. Waste of Time & Needless Presentation of Cumulative Evidence.**

Relatedly, the inclusion of these reports would be a waste of time in light of the repeated defense admissions in their Answer that plaintiff killed himself. There is no question about this fact since it is already conclusively established by the defense Answer. Thus, valuable court time should not be wasted on this.

Moreover, these reports also are cumulative. In the context of testifying to other relevant events, the fact of plaintiff's suicide also will be presented through the testimony of defendant Truman Mears, plaintiff' spouse Cindy Balas Adkins, Lee Mears and Captain Wilkinson, among others. If the depositions in this case are any indication, tears will flow and heads will be hung in sorrow whenever the fact of plaintiff's death is mentioned. The inclusion of these reports will unnecessarily result in more of the same.

2

Accordingly, it is clear that these many concerns substantially outweigh any probative value these reports might have, all the more so given that the defense repeatedly admitted the fact of plaintiff's suicide and death in their Answer.

**D.  Conclusion**. For the reasons set forth above, the Court should exclude both DX9 and 10.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated:  July 18, 2008          Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on

July 18, 2008, I filed this **Pleading** with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following:

> Ralph Durstein, Esquire
> Stacey Stewart, Esquire
> Department of Justice
> Carvel State Office Building
> 820 North French Street
> Wilmington, DE 19801

> /s/ Stephen J. Neuberger
> **STEPHEN J. NEUBERGER, ESQ.**