IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CINDY L. BALAS a/k/a CINDY L. ADKINS, Executrix of the Estate of CORPORAL JOHN J. BALAS, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A.No. 06-592-JJF |
| STANLEY W. TAYLOR, JR., individually and in his official capacity as the Commissioner of Correction; ALAN MACHTINGER, individually and in his official capacity as the Director of Human Resources of the Department of Correction; MICHAEL DELOY, individually and in his official capacity as Deputy Warden of Sussex Correctional Institution; CAPTAIN DAVID WILKINSON, individually; LIEUTENANT TRUMAN MEARS, individually; and DEPARTMENT OF CORRECTION OF THE STATE OF DELAWARE, | : : : : : : : : : : : : : : : | |
| Defendants. | : | |

**PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DX11 & DX12 - THE COMPLETE JOB HISTORY OF DEFENDANT LT. MEARS**

                                                              **THE NEUBERGER FIRM, P.A.**
                                                              **THOMAS S. NEUBERGER, ESQ. (#243)**
                                                              **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                                                              Two East Seventh Street, Suite 302
                                                              Wilmington, DE 19801
                                                              (302) 655-0582
                                                              TSN@NeubergerLaw.com
                                                              SJN@NeubergerLaw.com

Dated: July 18, 2008                       Attorneys for Plaintiff

**A. Introduction.** DX12 is a compilation of defendant Lt. Mears' job evaluations dating back to 1989. DX11 is the complete record of every award and commendation Mears has ever received in his DOC career.

**B. Fed.R.Evid. 401-402 (Relevance).** Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would without the evidence." Fed.R.Evid. 401. The complete job history of defendant Lieutenant Mears dating back to 1989 simply is not a "fact that is of consequence" to this action. Id. Accordingly it is irrelevant and inadmissible under Rule 402.

As the Third Circuit has explained, "[r]elevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." Spain v. Gallegos, 26 F.3d 439, 452 (3d Cir. 1994) (quoting the Advisory Note to Rule 401). "Therefore any inquiry into relevance must begin with an identification of the ultimate fact to which the item of circumstantial proof is purportedly linked. The court must know what the target is before it can judge whether the evidentiary arrow is properly aimed." 22 Charles Alan Wright & Kenneth W. Graham, Federal Practice and Procedure: Evidence § 5164 at p. 37-38 (1978).

Mears' job performance since 1989 is not at issue in this case. He is not claiming discrimination or disparate treatment of any kind. He is not claiming that he was retaliated against and given a lower evaluation despite his performance being demonstrably identical to prior years. The only facts of consequence in this case are whether Mears retaliated against plaintiff in 2004-2005 and drove him to kill himself. Nearly two decades of Mears' prior work

history has no bearing on this.

      **C. Fed.R.Evid. 403 (Confusion of the Issues & Misleading the Jury).** As the Third Circuit has noted, under Rule 403 "evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues." Spain v. Gallegos, 26 F.3d 439, 453 (3d Cir. 1994). The Third Circuit has noted under Rule 403 that the trial court must consider "the extent to which [the] proposition [is] directly at issue in the case." Id.

      To the extent the court finds marginal relevance, this evidence should be excluded under Rule 403. Neither the fact that defendant Mears advanced up through the ranks to reach the level of lieutenant nor his qualifications to hold that position have ever been challenged by plaintiff. Instead, as explained above, the jury's focus should be upon the late 2004, early 2005 time frame. It should be focused upon the issues surrounding the union uproar, the job action, the CERT resignations, any retaliation plaintiff suffered and whether this caused plaintiff's suicide. To the extent it has any relevance, the specifics of Mears' personnel file dating back to 1989 are a mere side issue "which might distract the jury from the main issues." Id.

      **D. Fed.R.Evid. 404(a) (Improper Character Evidence).** Under Fed.R.Evid. 404(a), "[g]enerally, evidence of a person's character is not admissible for the purpose of proving action in conformity therewith." Renda v. King, 347 F.3d 550, 553-54 (3d Cir. 2003).

      Given that this evidence has no relevance to any legal or factual issues in this case, plaintiff is left to assume that the defense merely seeks to offer these exhibits as evidence that Mears was a good correctional officer throughout his career so, *a fortiori*, a good correctional officer would not have retaliated against plaintiff. The defense may claim that this evidence

demonstrates that he was loyal and dedicated to the mission and purpose of the Department of Corrections. But being loyal and dedicated is still a character trait. For example, the word loyal is defined as "characterized by or showing faithfulness to commitments, vows, allegiance, obligations, etc.: loyal conduct."[1] Clearly the use of such evidence - to show that the defendant remained 'loyal' to the mission of DOC so 'of course' a loyal DOC employee would not retaliate against plaintiff - contravenes the very purpose of the rule. Such use is improper and is forbidden by Rule 404(b).

    **E. Conclusion.** For the reasons set forth above, the Court should exclude both DX11 and DX 12.

                  Respectfully Submitted,

                  **THE NEUBERGER FIRM, P.A.**

                  /s/ Stephen J. Neuberger
                  **THOMAS S. NEUBERGER, ESQ. (#243)**
                  **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                  Two East Seventh Street, Suite 302
                  Wilmington, Delaware 19801
                  (302) 655-0582
                  TSN@NeubergerLaw.com
                  SJN@NeubergerLaw.com

Dated: July 18, 2008              Attorneys for Plaintiff

---

[1] http://dictionary.reference.com/browse/loyal (visited on July 17, 2008).

**CERTIFICATE OF SERVICE**

    I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on July 18, 2008, I filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Ralph Durstein, Esquire
> Stacey Stewart, Esquire
> Department of Justice
> Carvel State Office Building
> 820 North French Street
> Wilmington, DE 19801

               /s/ Stephen J. Neuberger
               **STEPHEN J. NEUBERGER, ESQ.**