## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L.ADKINS, | ) |
| Executrix of the Estate | ) |
| of JOHN J. BALAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     C. A. No. 06-0592-JJF |
| STANLEY W. TAYLOR, JR., | ) |
| ALAN MACHTINGER, | ) |
| MICHAEL DELOY, | ) |
| DAVID WILKINSON, | ) |
| TRUMAN MEARS, and the | ) |
| DEPARTMENT OF CORRECTION | ) |
| of the STATE OF DELAWARE, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ADMISSION OF NEWS ARTICLES AND REFERENCE TO EXTRANEOUS EVENTS BARRED BY F.R.E. 403**

The Department of Correction ("DOC") and Lieutenant Truman Mears ("Defendants")[1]

hereby move for an order precluding the introduction of Plaintiff's proposed exhibit PX1, the

441 pages of news articles, as well as any reference to issues not relevant to the litigation,

including the rape of a counselor at the Delaware Correctional Center in 2004.  In support of the

motion, Defendants assert as follows:

      1.      <u>The articles are hearsay</u>.  F.R.E. 801.  Plaintiff argues that these articles are not

offered to prove the truth of the matter asserted, and thus are not precluded from admission by

---

[1] Although defendants Taylor, Machtinger, Deloy, and Wilkinson have not yet been formally awarded summary judgment by the Court, Plaintiff has presented no evidence in opposition to the Defendants' Motion for Summary Judgment for these defendants, and Plaintiff does not oppose their dismissal.

[3] While the DOC still remains as a defendant, Plaintiff argues it is only as a "placeholder" for recovering costs and fees.  Retaining the State as a nominal defendant for purposes of recovering costs is extremely prejudicial to the Defendants and invites jury speculation.  Defendants have strongly urged the Court to grant summary judgment to the DOC pursuant to the Eleventh Amendment.  This issue is pending before the Court.

the hearsay rule. That is a distinction that is invalid here, and one that jurors would not make, regardless of any cautionary instruction. To argue that the truth or falsity of the allegations is irrelevant, as plaintiff does, is to ignore the real motive for offering such exhibits. The plaintiff seeks to place irrelevant and prejudicial matters before the jury, *as if true*, in an effort to show state of mind. The use of media accounts presents a *double hearsay* problem, in that there is no attempt to produce any witness who actually said or did or witnessed the events reported secondhand. The Court would never allow the victim of an unrelated rape to be called as a witness in this trial. To argue that a secondhand report of the event should be admitted instead, regardless of its accuracy, is an insult to the fact-finding process.

2.    <u>The articles are not relevant to the litigation</u>. F.R.E. 401-402.

Plaintiff argues that these articles demonstrate defendants' "state of mind and motive for wanting to punish plaintiff" because they were "adverse publicity." This argument is completely unfounded, as Plaintiff has abandoned all claims against any DOC administrator or management, or any other DOC party who might be concerned with DOC publicity.

The defendant in this action is Lt. Mears.[3] The over 400 pages of newspaper articles have nothing to do with Lt. Mears – and some of the articles don't even mention the Department of Correction. Plaintiff has produced no evidence to show that Lt. Mears would even care if the DOC received adverse publicity. He was a regular employee whose job and salary remained the same regardless of "adverse publicity" for the DOC. Lt. Mears was not a contract negotiator; he was not a part of a negotiating team for the DOC; he was not a part of the DOC administration charged with working with the union; and he was not a member of management. Indeed, Lt. Mears was closer in the chain of command to John Balas. Lt. Mears was separated from senior

management by layers of staff lieutenants, captains, majors, the Deputy Warden, and the Warden.

Inclusion of these articles is simply an attempt by Plaintiff to turn this ordinary employment dispute litigation into a campaign against the DOC and the State, and to distract the jury from the more mundane issues of the case relating to Balas' performance and behavior.

To the extent that Plaintiff argues these articles are necessary to demonstrate the public concern requirement of a First Amendment retaliation claim, and if the Court should hold that the decedent's claim is not precluded by *Garcetti*, Defendants would concede that COAD raised issues of public concern in the context of collective bargaining during the summer of 2004. Thus, it is not an issue requiring proof at trial.

3.      The articles are unfairly prejudicial to Defendants and will only serve to confuse the issues at trial, will mislead the jury, and are a waste of time. F.R.E. 403.

Any probative value of these news articles is not outweighed by their prejudicial effect. There is no probative value in admitting these articles. Plaintiff has admitted she does not have the evidence to support her claims against the Commissioner, the Director of Human Resources, the Warden and Deputy Warden of SCI, or the Captain. What remains is Lt. Mears, a supervisor of John Balas who allegedly gave him a poor evaluation. This is nothing more than a routine employment dispute. It has nothing whatsoever to do with the rape of a prison counselor, or disputes between COAD and the Commissioner over pay and working conditions.

Admission of these articles would make it utterly impossible for Lt. Mears to receive a fair trial on the merits of the claims now put forward by the plaintiff. Such "evidence" would distract the jurors and create a circus atmosphere, complete with a "trial within a trial" as to the numerous unrelated issues that would be injected into the case through these articles.

4.    <u>Counsel should be admonished to avoid references to extraneous events and evidence barred by Rule 403.</u>

Throughout deposition questioning, Plaintiff's attorney repeatedly questioned various DOC employees about the rape of a counselor that occurred in the Delaware Correctional Center ("DCC") in Smyrna, Delaware in 2004.  This attack by an inmate in July of 2004 is not relevant to this litigation, and the Court should instruct Plaintiff's counsel not to refer to or question the witnesses about the incident.  The parties to this lawsuit, John Balas (represented by his Estate) and Lt. Mears, had nothing to do with this incident, and were not even working in the same county where the incident occurred.  In July of 2004, and at all time relevant to the allegations in the Complaint, both men worked at Sussex Correctional Institution ("SCI") in Georgetown, Delaware.  Any such claims would, in any event, be barred by the applicable statute of limitations.

For the reasons stated herein, and for the reasons provided by Defendants in their summary judgment briefing, Defendants request this Court enter an Order precluding the admission of Plaintiff's proposed PX1 in its entirety, and other evidence not relevant to this litigation, at trial.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ *Ralph K. Durstein, III*
Ralph K. Durstein, III (ID# 912)
Stacey X. Stewart (ID#4667)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510

Dated:  July 18, 2008