# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L. ADKINS, ) | |
| Executrix of the Estate ) | |
| of JOHN J. BALAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 06-0592-JJF |
| STANLEY W. TAYLOR, JR., ) | |
| ALAN MACHTINGER, ) | |
| MICHAEL DELOY, ) | |
| DAVID WILKINSON, ) | |
| TRUMAN MEARS, and the ) | |
| DEPARTMENT OF CORRECTION ) | |
| of the STATE OF DELAWARE, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION IN LIMINE TO PRECLUDE COAD GRIEVANCE AND RELATED TESTIMONY OR ARGUMENT

The Department of Correction ("DOC") and Lieutenant Truman Mears ("Defendants")[1] hereby move for an order precluding the introduction of Plaintiff's proposed exhibit PX6, the COAD grievance form, and any testimony or argument pertaining to the COAD Grievance.[2] In support of the motion, Defendants assert as follows:

1. <u>The document is hearsay</u>. It is a written out of court statement of the decedent, John Balas, offered to prove the truth of the matter asserted therein. F.R.E. 801. The document is not excluded from the hearsay rule and it is not admissible under any of the hearsay exceptions.

---

[1] Although defendants Taylor, Machtinger, Deloy, and Wilkinson have not yet been formally awarded summary judgment by the Court, Plaintiff has presented no evidence in opposition to the Defendants' Motion for Summary Judgment for these defendants, and Plaintiff does not oppose their dismissal.

[2] The parties discussed the grievance in the context of the Petition Clause arguments presented in the summary judgment briefing. The issue is still pending before the Court.

2. <u>The document is not a business record</u>.[3]  F.R.E. 803(6) excepts from the hearsay rule "records of regularly conducted activity."  There is a complete absence of any evidence in the record that the grievance was ever filed.  Under a plain reading of the rule, a hearsay document cannot be an admissible business record unless it is actually received by the business and is kept in the ordinary course of that business.  A search of both DOC and COAD records did not disclose a record of a grievance filed by Balas, or any mention of a grievance.  Indeed, a COAD letter in response to a subpoena states that the union did not have any files or records on John Balas, grievance or otherwise.[4]  Cindy Balas testified that she found the grievance form in John Balas' papers at home.[5]  A standard form does not become a business record if it is filled out and put in personal paperwork kept at home.

The rule also requires the testimony of a records custodian, or other qualified witness, to certify that it was the practice of the business to keep such records in the course of regularly conducted business.  Plaintiff has not identified such a witness who will testify that this grievance was kept and found in the business records of the DOC or COAD.

3. <u>The document is not admissible as recorded recollection.</u>  F.R.E. 803(5).  This exception allows certain recorded recollections to be used to refresh the recollection of a witness who once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately.  A document used to refresh recollection "*may not itself be received as an exhibit unless offered by an adverse party.*"

Following Plaintiff's theory of admissibility under the recorded recollection rule, any written document recalling an event would come into evidence whether the witness is there or

---

[3] Plaintiff cited to the discussed rules in her response to Defendants' objection to PX6 in the Pretrial Order.
[4] D.I. 68.  Appendix to DAB at B48.
[5] D.I. 68 Appendix to DAB at B6.

2

not, or whether the witness remembers or not. This misconstrues and subverts the intent of this hearsay exception. Even if the decedent were alive to testify, he would only be permitted to use this document to refresh his recollection if it was established during testimony that he had insufficient independent recollection. At no point does the rule permit or contemplate that the document will be admitted into evidence as an exhibit, and published to the jury, independent of the testimony of the purported author.

4. <u>The document is not admissible under the residual exception.</u> F.R.E. 807. This exception was intended by Congress to "be used very rarely, and only in exceptional circumstances" [and] "only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present. *Bohler-Uddeholm America, Inc. v. Ellwood Group Inc.*, 247 F.3d 79, 112 (3d Cir. 2001) citing *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir. 1978).

The written statements contained in the grievance are inherently unreliable, and not trustworthy. The statements were not made under oath. The statements can not be subjected to cross examination by the defendants, which is critical in this case because many of the statements derive from the decedent's subjective interpretation of events. The grievance was never filed, suggesting the writer's hesitation or doubt as to the content of the document. Because it was not filed, the statements in the grievance also were not subject to the administrative grievance process, which would have provided an opportunity to flesh out objective facts. Plaintiff also testified that her husband was contemplating filing a lawsuit before his passing.[6] Documents prepared in anticipation of litigation are clearly not the type of documents the catch-all exception was designed to include.

---

[6] D.I. 64, Appendix to POB at A1005.

5.  For the reasons stated herein, and for the reasons provided by Defendants in their summary judgment briefing, Defendants request this Court enter an Order precluding the admission of any evidence at trial pertaining to the COAD grievance.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Ralph K. Durstein, III*
Ralph K. Durstein, III (ID# 912)
Stacey X. Stewart (ID#4667)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510

Dated: July 18, 2008