IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L. ADKINS, | ) |
| Executrix of the Estate | ) |
| of JOHN J. BALAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C. A. No. 06-0592-JJF |
| STANLEY W. TAYLOR, JR., et al. | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE INADMISSABLE HEARSAY

The Department of Correction ("DOC") and Lieutenant Truman Mears ("Defendants") hereby move for an order precluding the introduction of the following inadmissible hearsay evidence that Plaintiff intends to rely upon at trial:

1. PX3   Journal Entries of John J. Balas
2. PX4   Suicide Notes of John J. Balas
3. PX16  Narration of event by John Balas (characterized by Plaintiff's counsel as "John's Recorded Recollection")

In support of the motion, Defendants assert as follows:

1. <u>The documents are hearsay</u>. F.R.E. 801. Plaintiff does not dispute that these statements are hearsay, but attempts to fit the statements into several of the hearsay exceptions.[1] Plaintiff has not properly applied any of the hearsay exceptions. The documents are not excluded from the hearsay rule, and are not admissible under any of the hearsay exceptions.

2. <u>The hearsay statements are not admissible as present sense impressions.</u>  F.R.E.

---

[1] The discussed hearsay rules were cited by Plaintiff in response to objections to her exhibits in the pretrial order. Plaintiff provides no specific response to Defendants' objections to PX4 other than to say see Response to PX3. These are two very different written documents with very different admissibility arguments. Nonetheless, Defendants respond as if the responses to Defendants objections are the same for both PX3 and PX4. Plaintiff also takes issue with the fact that Defendants have included the suicide notes as an exhibit, but have objected to Plaintiff's use of the notes. Clearly, Defendants are entitled to reserve their right to use the notes in their own case should the Court find that they are admissible.

803(1).  To be admitted under this exception, "1) the statement must describe an event or condition *without calculated narration*; 2) the speaker must have personally perceived the event or condition described; and 3) the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter." *United States v. Ruiz,* 249 F.3d 643, 646 (7th Cir.2001)(emphasis added).

The journal entries and narration of events are not present sense impressions.  The journal entries are a calculated narration of the decedent's days and the handwritten notes are a calculated narration of events involving Lt. Mears.  Even if the decedent wrote the notes at the included dates or times, the present sense impression exception was intended for statements that are a spontaneous reaction to an immediate sensation", and not a "summary or characterization of conduct."  *United States v. Santos,* 201 F.3d 953, 964 (7th Cir. 2000).

Similarly, the suicide notes do not contain statements of events that the decedent perceives.  They are statements of memories, apology and goodbye to his loved ones, not present sense impressions.

Finally, the plaintiff cannot establish the foundation for admissibility set forth in *Ruiz, supra.*  No witness can testify that the journal entries or notes were made contemporaneously.

3.    <u>The hearsay statements are not admissible as recorded recollection.</u>  F.R.E. 803(5).  This exception is only applicable for refreshing the memory of a testifying witness who does not have sufficient independent recollection to testify fully and accurately.  Where, as here, the author is unavailable, there is no memory to refresh.  The rule does not permit or contemplate that a document used to refresh a witness' recollection will be admitted into evidence as an exhibit, and published to the jury.  The rule plainly reads that a document used to refresh recollection "*may not itself be received as an exhibit unless offered by an adverse party.*"

4. <u>The hearsay statements are not admissible under the state of mind exception.</u> F.R.E. 803(3). This exception is "essentially a specialized application" of the present sense impression exception, and is based upon the theory "that substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation". 803(3), Advisory Committee Notes.

Thus, for the reasons discussed under the present sense impression analysis above, there is no evidence of contemporaneity sufficient to satisfy the state of mind exception and the documents can not be admitted under this exception. The plaintiff cannot show that the journal entries were made during or immediately after the events reflected.

Further, the plain language of the state of mind rule specifically excludes any statements of memory or belief. These documents are rife with statements of past memory or belief. Almost the entire content of the narration of events is such statements. Similarly, the journal entries contain statements of memories from the activity of the day. The suicide notes contain apologies to his loved ones, and memories of times shared with them.

Finally, the decedent's state of mind in the weeks before his death is not at issue in this case. The defendants do not dispute that the decedent was depressed. Submitting journal entries of decedent discussing how he is doing with his depression or suicide notes discussing how his depression drove him to commit suicide, will not help to resolve a fact at issue in this case.

5. <u>The hearsay statements are not admissible under the statements made for medical diagnosis exception.</u> F.R.E. 803(4). Citing to federal precedent, the Delaware Supreme Court set forth the foundation for admissibility under this exception. Plaintiff must establish that 1) Balas' motive in writing the notes was consistent with the purpose of promoting treatment, and Balas must have been aware that the diagnosis and treatment depended on the accuracy of his

3

statements; 2) "doctors must reasonably rely on this sort of information in diagnosis or treatment", and 3) the trial judge must conduct an analysis to determine that the probative value is not substantially outweighed by the danger of unfair prejudice. *Capano v. State*, 781 A.2d 556, 624 (Del. 2001) citing *United States v. Iron Shell*, 633 F.2d 77, 83-84 (8th Cir. 1980).

Plaintiff asserts this exception for the suicide notes and journal notes. It is patently obvious that suicide notes are not written for purposes of medical diagnosis. If one intends to kill himself, he does not expect to be treated. No physician was involved.

The journal entries are also not admissible under the medical diagnosis exception. The decedent's motive in making these entries is not consistent with the rule, and the danger of unfair prejudice outweighs any probative value. While the decedent may have been writing the notes upon the advice of his physician, the decedent's motive in writing these notes extends well beyond a pure motive for diagnosis or treatment. The decedent was making the entries and showing them to his wife while on a trip with her to help mend their relationship.[2] The entries contain frequent references to his time with his wife. But the decedent was telling his wife one thing and doing another. He was leading two separate lives. While apparently trying to mend his marriage, he continued to call his lover on the phone and hide his affair from his wife.[3] As candidly admitted by Cindy Balas, John Balas routinely lied to her in the time leading up to his death.[4] Thus, the journal entries cannot be admitted under this exception.

6. <u>The narration of events (PX16) can not be admitted under the residual exception to the hearsay rule.</u> F.R.E. 807. This document does not contain any "guarantees of trustworthiness" as required by the rule. The narration contains self-serving allegations against Lt. Mears that go to the very heart of the retaliation claim. The defense cannot cross-examine

---

[2] D.I. 64, Appendix to POB, A1012.
[3] D.I. 56, Appendix to DOB, A207, 210-211.
[4] D.I. 64, Appendix to POB, A1030.

Balas on the self-serving statements. They were not made under oath, and they have no other indicia of reliability. Admission of these statements would be unfair and extremely prejudicial to the defendants, and would subvert the purpose of the hearsay rules to exclude unreliable evidence and to permit robust cross-examination of witnesses.

7. <u>The suicide notes and journal entries are not relevant, are unfairly prejudicial, and will confuse the issues at trial.</u> F.R.E. 401-403. For the reasons outlined in the Defendants' Motion in Limine to Exclude Wrongful Death Claims, the suicide notes and journal entries are not relevant to any cause of action asserted in this case. Putting these documents in front of a jury will only serve to play on the sympathies of the jurors and confuse the issues at hand. The defendants do not dispute that the decedent was sad and depressed at the time the journal entries or suicide notes were written. And while it is unfortunate that the decedent has passed, his death has nothing to do with this First Amendment retaliation case. Admission of these written documents will only serve to inflame the jury, confuse the issues, and unfairly prejudice the defendants by including evidence not relevant to the case at bar.

For the reasons stated herein, and for the reasons provided by Defendants in their summary judgment briefing, Defendants request this Court enter an Order precluding the admission of this inadmissible hearsay evidence at trial.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ *Ralph K. Durstein, III*
Ralph K. Durstein, III (ID# 912)
Stacey X. Stewart (ID#4667)
Deputy Attorneys General
Department of Justice State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801
Dated: July 18, 2008                (302)577-8510

5