# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L. ADKINS, ) | |
| Executrix of the Estate ) | |
| of JOHN J. BALAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 06-0592-JJF |
| STANLEY W. TAYLOR, JR., ) | |
| ALAN MACHTINGER, ) | |
| MICHAEL DELOY, ) | |
| DAVID WILKINSON, ) | |
| TRUMAN MEARS, and the ) | |
| DEPARTMENT OF CORRECTION ) | |
| of the STATE OF DELAWARE, ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE DAMAGES AND CLAIMS FOR LOSS OF LIFE

The Department of Correction ("DOC") and Lieutenant Truman Mears ("Defendants")[1] hereby move for an order precluding the introduction of any evidence or argument at trial pertaining to claims or damages stemming from the suicide of John Balas.[2] Plaintiff has elected to file only a survival action, and not an action for wrongful death. Plaintiff is thus precluded from pursuing any damages arising from the death of Balas. In support of the motion, Defendants assert as follows:

1.   Plaintiff has filed a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. The plaintiff, as Executrix, has filed a survival action on behalf of the Estate of her

---

[1] Although defendants Taylor, Machtinger, Deloy, and Wilkinson have not yet been formally awarded summary judgment by the Court, Plaintiff has presented no evidence in opposition to the Defendants' Motion for Summary Judgment for these defendants, and Plaintiff does not oppose their dismissal.

[2] This issue was thoroughly briefed and presented in Defendants' Motion for Summary Judgment which is currently pending before the Court.

deceased husband, John Balas. She has not filed a wrongful death claim. Plaintiff seeks to include evidence at trial of damages resulting from the loss of life of John Balas, including the recovery of "compensatory damages, including lost wages, back pay, pension, or other benefits, for future or front pay, loss of earning capacity". Plaintiff also seeks to introduce the testimony of an economist on future loss of earnings, or other pecuniary loss arising from Balas' death. Having not filed a wrongful death action, Plaintiff is precluded from presenting any evidence or testimony arising from the suicide of John Balas at trial.

2. Section 1983 provides a means for plaintiffs to seek recovery for constitutional violations, but it has always been clear that state law provides the mechanism for asserting those claims. Section 1988(a) of Title 42 specifically provides that section 1983 actions shall be governed by state law, so far as that law is not inconsistent with the United States Constitution. To the extent that state law is deficient or inconsistent with federal law, the courts may fashion an adequate remedy.

3. Here, state law has clearly provided Plaintiff with a mechanism for asserting claims for the loss of life – in the form of a wrongful death statute. 10 Del. C. § 3724. Subsection (d) of § 3724 allows beneficiaries to recover for: 1) deprivation of pecuniary benefits from the deceased; 2) loss of contributions for support; 3) loss of services, including child care; 4) funeral expenses; and 5) mental anguish.

4. Having failed to file a wrongful death claim, the plaintiff should be estopped from claiming such damages. Plaintiff argues in summary judgment briefing that loss of life damages are proper in a survival action because State law is deficient and does not allow for recovery for the loss of life.[3] The deficiency is in pleading, not in the remedy afforded by statute. The Delaware statutes afford a full and potentially generous remedy for loss of life under § 1983.

---

[3] PAB at 6-7.

The plaintiff elected not to pursue the remedy afforded by § 3724. In this case, recovery for the loss of life is not precluded by state law, but by Plaintiff's election to file only a survival action. Plaintiff is bound by that election of remedy.

5. The inclusion of any evidence or argument arising from the death of John Balas would severely prejudice Defendants at trial. A survival claim is predicated upon the decedent's claim for damages sustained *during his lifetime*. *Frantz v. United States,* 791 F.Supp. 445, 448 (D. Del. 1992). Damages arising from death, and properly brought through a wrongful death claim, create a procedurally distinct claim from a survival action. Significantly, recovery of damages in a wrongful death action extends to all potential claimants to the Estate of John Balas. The only party to this survival action is Cindy Balas as Executrix for the estate of Balas.[4] And she proceeds in the place of John Balas, as if he survived to litigate the retaliation claim.

6. Thus, recoverable damages in this survival action are limited to only those damages that would have been recovered by the decedent had he survived. *Loden v. Getty Oil Co.*, 359 A.2d 161, 163 (Del. 1976). In this case, that limits the recovery of damages for any retaliation, if proven, to the period from September 25, 2004 (the date of the first alleged retaliatory conduct) to February 19, 2005 (the date of Balas' death).

7. For the reasons stated herein, and for the reasons provided by Defendants in their summary judgment briefing, Defendants request this Court enter an Order precluding the admission of any evidence at trial pertaining to the loss of life of John Balas, including but not limited to:

> a. The testimony of economist Thomas C. Borzilleri, Ph.D. The economist only projected losses attributable to the suicide and thus only recoverable in a wrongful death action under Delaware law.

---

[4] Notably, Cindy Balas in not an individual party.

b.  Any testimony or evidence relating to claims or damages that could be recovered in a properly filed wrongful death action including, claims for future loss of earnings or support, funeral expenses, or other pecuniary losses arising from the suicide death of Balas.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ *Ralph K. Durstein, III*
Ralph K. Durstein, III (ID# 912)
Stacey X. Stewart (ID#4667)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510

Dated: July 18, 2008