IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CINDY L. ADKINS,<br>Executrix of the Estate<br>of JOHN J. BALAS, | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | ) | C. A. No. 06-0592-JJF |
| STANLEY W. TAYLOR, JR.,<br>ALAN MACHTINGER,<br>MICHAEL DELOY,<br>DAVID WILKINSON,<br>TRUMAN MEARS, and the<br>DEPARTMENT OF CORRECTION<br>of the STATE OF DELAWARE, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ADMISSION OF EVIDENCE OR CLAIMS OF RETALIATORY CONDUCT BEFORE SEPTEMBER 25, 2004**

The Department of Correction ("DOC") and Lieutenant Truman Mears ("Defendants")[1] hereby move for an order precluding the introduction of any evidence or argument at trial pertaining to events taking place prior to September 25, 2004 (two years prior to the filing of the Complaint in this matter), and specifically to events between August 7, 2004 and September 25, 2004, for the reasons set forth below.

    1.    <u>The Plaintiff has not made allegations regarding any conduct characterized as "retaliation" in this time frame in support of the action set forth in her Complaint.</u>

The Plaintiff's claim of so-called "retaliation" relies on the resignations of the decedent and nine other individuals from the CERT team, on August 7, 2004. However, the plaintiff has failed to allege that the decedent was subject to any acts deemed "retaliation" until he received a

---

[1] Although defendants Taylor, Machtinger, Deloy, and Wilkinson have not yet been formally awarded summary judgment by the Court, Plaintiff has presented no evidence in opposition to the Defendants' Motion for Summary Judgment for these defendants, and Plaintiff does not oppose their dismissal.

1

routine performance evaluation, on September 25, 2004. The plaintiff is thus barred from alleging that any acts of "retaliation" occurred in the seven weeks immediately following the resignations. Counsel for Lt. Mears should be free to advise the jury in the opening statement that there will be no evidence at trial of any acts of "retaliation" against the decedent until seven full weeks after the supposed triggering event.

    2.    <u>Discovery in this case has not yielded any testimony or evidence regarding events occurring within this time frame.</u>

Likewise, the plaintiff has failed to identify through discovery any events in the aftermath of the August 7, 2004 events, until the September 25, 2004 evaluation, that would support the "retaliation" claim. No witness has testified as to any such conduct. No documents or other exhibits have been identified in support of such allegations. The plaintiff is therefore barred from arguing that the decedent suffered from any act of "retaliation" at any time before September 25, 2004.

    3.    <u>Testimony concerning events prior to September 25, 2004 is barred by the failure of the Plaintiff to file her Complaint until September 25, 2006.</u>

The survival action filed by the plaintiff is governed by the State of Delaware limitation act regarding such claims. 10 *Del.C.* §8107 (two-year limitation period); *see also* 10 *Del.C.* §3704. In this lawsuit, filed by the plaintiff on September 25, 2006, no claim based on supposed retaliatory conduct occurring before September 25, 2004 may be maintained. Any such claim would be time-barred.

3

WHEREFORE, the defense asks that the Court enter an order barring the plaintiff from making any reference at trial to any alleged act of "retaliation" before September 25, 2004.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Ralph K. Durstein, III*
Ralph K. Durstein, III (ID# 912)
Stacey X. Stewart (ID#4667)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510

Dated: July 18, 2008