IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CINDY L. BALAS a/k/a CINDY L. ADKINS, Executrix of the Estate of CORPORAL JOHN J. BALAS, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A.No. 06-592-JJF |
| LIEUTENANT TRUMAN MEARS, | : : | |
| Defendant. | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE TO PRECLUDE DAMAGES AND CLAIMS FOR LOSS OF LIFE**

THE NEUBERGER FIRM, P.A.
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: August 1, 2008            Attorneys for Plaintiff

In light of the Court's opinion (D.I. 96), and the law of the case doctrine, see, e.g. In re Continental Airlines, Inc., 279 F.3d 226, 232-33 (3d Cir. 2002), plaintiff expects that the defense will withdraw its motion on this issue. If it does not, plaintiff relies upon the argument below.

**A. This Retaliation Action is Proper.** The defense motion mixes apples and oranges. Plaintiff has filed neither a survival nor a wrongful death action. Instead, this is a First Amendment retaliation action where the constitutional tort has caused death. And as our District has explained -

> When the act which caused a death is itself charged as a "constitutional tort" under section 1983, applicable survival and wrongful death statutes under state law will be applied only to the extent they are consistent with the policies and legislative intent underlying section 1983. If those state statutes preclude recovery of [an element of damages] as a distinct basis for recovery, they will be ignored as inconsistent with the policies of section 1983.

Sterner v. Wesley Coll., Inc., 747 F.Supp. 263, 273 (D.Del. 1990). Continuing -

> Where the constitutional deprivation sought to be remedied has caused death, state law that precludes recovery on behalf of the victim's estate for the loss of life is inconsistent with the deterrent policy of section 1983. Such restrictive state laws must give way to federal common law rules that permit recovery.

Id. (internal punctuation omitted).

The Tenth Circuit also has addressed this same issue in Berry v. City of Muskogee, Okla., 900 F.2d 1489 (10th Cir. 1990). There, the Court specifically addressed the question of whether damages in a § 1983 action in which death occurs are limited to those recoverable under the state survival action alone, *by a survival action and wrongful death suit*, or by "some federal standard either as a survival or wrongful death-type action not defined or limited by state law." Id. at 1501. The Court was concerned with fashioning a remedy that was "in accord with § 1983's express statement that the liability is 'to the party injured.'" Id. at 1507. After discussing at length each option, the Court held that "federal courts must fashion a federal remedy to be

1

applied to § 1983 death cases." Id. at 1506. Accordingly, the Court held that the damages available must "serve the deterrent function central to the purpose of § 1983" including both compensatory and punitive damages. Id. at 1506-07. In addition to the full panoply of traditional § 1983 constitutional tort damages available under Memphis Cmty. Sch. Dist. v. Stachura, 477 U.S. 299, 305-06 (1986), in cases where the constitutional tort causes death -

> appropriate compensatory damages would include medical and burial expenses, pain and suffering before death, *loss of earnings based upon the probable duration of the victim's life had not the injury occurred*, the victim's loss of consortium, and other damages recognized in common law tort actions.

Berry, 900 F.2d at 1507 (emphasis added); accord Walker v. City of Orem, 2007 WL 3026399, *1 (D.Utah Oct. 9, 2007); Sudac v. Hoang, 2004 WL 1125153, *2 (D.Kan. May 13, 2004).

As explained in detail in Berry, supporters of § 1 of the Civil Rights Act (which became § 1983) "intended to give a broad remedy for violations of federally protected civil rights." Berry, 900 F.2d at 1501 (citing Monell v. Dept. Of Soc. Serv. of City of N.Y., 436 U.S. 658, 685 (1978)). Further, in creating § 1983, derived from § 1 of the Civil Rights Act, "Congress intended significant recompense when a constitutional violation caused the death of a victim." Id. at 1501. The legislative history of the Civil Rights Act "makes clear that *death was among the civil rights violations that Congress intended to remedy*." Id. (emphasis added) (citing Monroe v. Pape, 365 U.S. 167, 174-76 (1961)); see also Sterner, 747 F.Supp. at 273.

> [I]t defies history to conclude that Congress purposely meant to assure to the living freedom from such unconstitutional deprivations, but that, with like precision, it meant to withdraw the protection of civil rights statutes against the peril of death.

Brazier v. Cherry, 293 F.2d 401, 404 (5th Cir. 1961). In holding that the Oklahoma state survival action was clearly deficient in its remedy and deterrent effect, the Court in Berry preserved the very essence of § 1983.

**B. The Faulty Defense Claim.** The defense motion is premised on the false claim that the only way into court for a plaintiff who has been killed as a result of the violation of his <u>federal</u> constitutional rights is for that plaintiff to file a survival or wrongful death action under <u>state</u> law. In addition to citing no law (state or federal) for this novel proposition, the defense motion ignores the undisputed fact that 42 U.S.C. § 1983 is the "primary vehicle to provide redress for unconstitutional action by state employees that violates the constitution." <u>Davidson v. O'Lone</u>, 752 F.2d 817, 827 (3d Cir. 1984). 42 U.S.C. § 1988(a) is only implicated when some facet of federal law is deemed inadequate or non-existent.

Here, it appears that federal statutory law may provide an inadequate remedy when a constitutional tort causes death. <u>See</u> section A above. In such a case, our own District's precedent requires that -

> applicable survival and wrongful death statutes under state law will be applied only to the extent they are consistent with the policies and legislative intent underlying section 1983.

<u>Sterner</u>, 747 F.Supp. at 273. To the extent they are not consistent and would " preclude recovery of [an element of damages] as a distinct basis for recovery, they will be ignored as inconsistent with the policies of section 1983." <u>Id.</u> Thus, to the extent the remedies provided by the applicable Delaware statutes are inconsistent with the purposes and law surrounding section 1983 death claims, these state laws are ignored and the remedies discussed in section A above are instead recoverable.

Here, the defense motion appears to concede the fact that underlying state law remedies would give plaintiff the full panoply of his damages.[1] To the extent claimed otherwise, these

---

[1] As noted above, the defense instead claims that the only way for plaintiff to enforce his constitutional rights is by filing a state law wrongful death and state law survival action.

3

state laws are to be ignored and plaintiff may recover the full panoply of traditional § 1983 constitutional tort damages available under Stachura, 477 U.S. at 305-06, as well as -

> appropriate compensatory damages would include medical and burial expenses, pain and suffering before death, *loss of earnings based upon the probable duration of the victim's life had not the injury occurred*, the victim's loss of consortium, and other damages recognized in common law tort actions.

Berry, 900 F.2d at 1507 (emphasis added); accord Walker, 2007 WL 3026399, *1; Sudac, 2004 WL 1125153, *2.[2]

Therefore, under the deterrent principles of § 1983, plaintiff is entitled to the full panoply of punitive and compensatory damages including those caused by his untimely death.

**C. Conclusion.** For the reasons set forth above, the Court should deny the defense motion in its entirety.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: August 1, 2008        Attorneys for Plaintiff

---

[2] The record evidence demonstrating the clear causal and temporal correlation between plaintiff's stress at work due to the retaliation and his mental and psychological deterioration, which culminated in his suicide is outlined and discussed at pages 9-10 of his Answering Brief in opposition to the defense motion for summary judgment. (D.I. 65).

4

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on August 1, 2008, I filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Ralph Durstein, Esquire
>Stacey Stewart, Esquire
>Department of Justice
>Carvel State Office Building
>820 North French Street
>Wilmington, DE 19801

>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**