IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CINDY L. BALAS a/k/a CINDY L. ADKINS,  :
Executrix of the Estate of CORPORAL JOHN J.  :
BALAS,  :
   :
      Plaintiff,  :
   :
      v.  :       C.A.No. 06-592-JJF
   :
LIEUTENANT TRUMAN MEARS,  :
   :
      Defendant.  :

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO PRECLUDE ADMISSION OF EVIDENCE OR CLAIMS OF RETALIATORY
CONDUCT BEFORE SEPTEMBER 25, 2004**

**THE NEUBERGER FIRM, P.A.**
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: August 1, 2008      Attorneys for Plaintiff

**A.  Introduction.**  The defense cites no rules of evidence, case law or any other valid reasons why plaintiff should be barred from discussing events occurring between the date of his resignation from CERT and the date of his mediocre performance evaluation.  Instead, with no basis in law or fact, the defense improperly asks the court to put its thumb on the scale at trial and bar plaintiff from presenting plainly relevant evidence.  Such an effort is improper and should be rejected.

**B.  Individually Actionable Acts of Retaliation.**  Plaintiff filed this action challenging the first discrete action of retaliation that he encountered after his CERT resignation which was "individually actionable" as established in Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002).  See O'Connor v. City of Newark, 440 F.3d 125, 127 (3d Cir. 2006).  This occurred on September 26, 2004 when plaintiff received his mediocre performance evaluation.

**C. The Statute of Limitations is Not a Rule of Evidence.**  But the Third Circuit has "reject[ed] the notion that the events surrounding [an adverse action] are not relevant evidence which [the plaintiff] could use at trial." Stewart v. Rutgers, The State Univ., 120 F.3d 426, 433 (3d Cir. 1997)  "A statute of limitations does not operate to bar the introduction of evidence that predates the commencement of the limitations period but that is relevant to events during the period." Fitzgerald v. Henderson, 251 F.3d 345, 365 (2d Cir. 2001); accord Levine v. McCabe, 357 F.Supp.2d 608, 616 (E.D.N.Y. 2005); see Turner v. Upton County, Tex., 967 F.2d 181, 185 (5th Cir. 1992) (noting that a statute of limitations "does not make relevant evidence ... inadmissible at trial" but instead prevents it from being used "as the basis of a cause of action."). " The statute of limitations is a defense ... not a rule of evidence.... [It] has no bearing on the admissibility of evidence." U.S. v. Ashdown, 509 F.2d 793, 798 (5th Cir. 1975).

**D.  Fear of Retaliation and the Overall Context in Which the Retaliation Occurred.**

1

Since the day this case was first filed, plaintiff has long alleged that he feared immediate retaliation for his resignation. (See, e.g. Compl. ¶ 55). Fear of retaliation is not a discrete act, but may be in effect aggregated, O'Connor, 440 F.3d at 127, and considered as part of the overall context and background of the individually actionable acts of retaliation - such as the performance evaluation. The fact that this fear of retaliation is not individually actionable does not mean it is not pertinent to understanding and placing into the proper overall context the actionable retaliation that did occur.

The record is full of testimony and evidence speaking to plaintiff's fear of retaliation. For example, plaintiff believed he was constantly being watched and monitored by Mears who was searching for a performance misstep to use as a basis for discipline. (Balas 137-38; A1031-32).[1] He was shown evidence indicating that Mears was tracking him. (Id.). Such nit-picking was improper (Wilkinson 108; A940) and the DOC's policy does not require supervisors to constantly monitor their employee's every move to promote fear and paranoia, yet that is exactly what Mears did. (See Plaintiff's Answer to Inter. # 3; A654-682). Such evidence speaks to plaintiff's fear, gives necessary background and flushes out the overall context in which the acts of retaliation occurred.

Accordingly, the defense claim that all such evidence is barred is clearly mistaken and must be rejected.

**D. The True Aim of the Defense Motion.** The true aim of the defense motion is to bar key testimony from plaintiff's former co-workers on CERT about what occurred in the aftermath of their resignations. For example, witness Lee Mears explained that after his resignation, he

---

[1] Unless otherwise indicated, record cites are to plaintiff's summary judgment appendix. (D.I. 59-64).

received a "cold shoulder" from people in management, while plaintiff got "more of the brunt of it" all.  (L.Mears 8; A1051).  As plaintiff discussed, it became apparent that defendant Truman Mears was "out to get him."  (L.Mears 28;A1056).  The defense effort to bar such key testimony is improper and is the true aim of this defense motion, a motion which fails to cite any supporting case law or rules of evidence.

     **E.  Conclusion.**  For the reasons set forth above, the Court should deny the defense motion in its entirety.

          Respectfully Submitted,

          **THE NEUBERGER FIRM, P.A.**

          /s/ Stephen J. Neuberger
          **THOMAS S. NEUBERGER, ESQ. (#243)**
          **STEPHEN J. NEUBERGER, ESQ. (#4440)**
          Two East Seventh Street, Suite 302
          Wilmington, Delaware 19801
          (302) 655-0582
          TSN@NeubergerLaw.com
          SJN@NeubergerLaw.com

Dated: August 1, 2008          Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on

August 1, 2008, I filed this **Pleading** with the Clerk of the Court using CM/ECF which will send

notification of such filing to the following:

> Ralph Durstein, Esquire
> Stacey Stewart, Esquire
> Department of Justice
> Carvel State Office Building
> 820 North French Street
> Wilmington, DE 19801

> /s/ Stephen J. Neuberger
> **STEPHEN J. NEUBERGER, ESQ.**