IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L.ADKINS,<br>Executrix of the Estate<br>of JOHN J. BALAS,<br><br>      Plaintiff,<br><br>      v.<br><br>TRUMAN MEARS,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C. A. No. 06-592-JJF<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE**
**DX9 & DX10 – THE DELJIS AND POLICE REPORTS OF PLAINTIFF'S SUICIDE**

    1.    **The documents are relevant because the Court has now ruled that Balas' suicide is an issue in this litigation. F. R. E. 401-402.** The Court has ruled, in the Opinion and Order handed down July 30, 2008, Docket #96, that the plaintiff may proceed on her claim against the sole remaining defendant for damages arising from Balas' suicide. This claim will be pursued in the manner of a wrongful death claim. Thus, the facts and circumstances surrounding Balas' death are now relevant to this claim. In order to properly defend Lt. Mears, the defense will rely on the law enforcement investigation of Balas' death, specifically the finding that the death was a suicide, and the evidence as to Balas' motivation and state of mind. The defense will call as witnesses the police officers who were present at the time of the suicide, as well as those who investigated the death, and the officer contacted by Balas following his motor vehicle accident on the day before the suicide. These exhibits support that testimony.

    These exhibits, and the testimony of the police officers, will be used to establish that Balas killed himself immediately after having been confronted by the plaintiff with her discovery of his marital infidelity. This evidence will be used to rebut the plaintiff's allegation that Balas

killed himself because of so-called retaliation by Lt. Mears stemming from an incident the previous year. The DELJIS report and police report are critical to the defense of the case and necessary to rebut the claim that Lt. Mears somehow caused the suicide of John Balas. The documents refer to Balas' suicide notes and to the witness statements of Plaintiff Cindy Balas and Arthur Lee Mears. Both individuals made statements immediately following the suicide, when they were best able to recollect recent events, and least likely to embellish or fabricate self-serving observations. The witnesses provided pivotal information about the time leading up to the suicide, including information about John Balas' affair. These statements contradict later claims and testimony as to Balas' state of mind, now a critical issue in this case.

For example, the police report states that "Cindy advised that the victim was depressed because Jennifer [Balas' paramour] was seeing another guy." This is a clear admission by a party opponent that directly contradicts the subsequent assertions of Plaintiff, for purposes of this lawsuit, that Balas' depression was solely the result of his dissatisfaction with his job. This admission is not only relevant, but critical for the defense of the case. Further, discussion of Balas' depression and lifestyle in the months before his death is relevant and sheds light on the claim for damages suffered by Balas during his lifetime.

     2.     **<u>The documents do not confuse the issues, waste time, or mislead the jury.</u>** **F.R.E. 403.** The documents are not offered to prove that Balas committed suicide. The documents are offered to rebut the allegation that Lt. Mears somehow caused the death of John Balas. This claim is contradicted by the information provided in the DELJIS file and the police report. These documents make it clear that John Balas caused his own death after having been depressed, drinking heavily, and engaged in an extra-marital affair for months before his death. The foundation for their admissibility will be laid by the police officers' testimony concerning

2

the events preceding the suicide, and the evidence recovered in the investigation of his death. These are issues that are now squarely before the jury, as a result of the plaintiff's wrongful death claim.

The reports are not cumulative evidence. They are not consistent with Plaintiff's testimony, but refute and rebut it. Plaintiff's deposition testimony made it clear that she refuses to acknowledge that Balas' depression and suicide resulted from problems in their marriage, his heavy drinking, and the end of his extra-marital affair. Plaintiff could only blame the DOC and Lt. Mears. Her statements to police immediately following the suicide contradict her testimony and thus are not cumulative evidence, but rather admissions against her interest in the wrongful death damage claim.

For the reasons set forth above, and in light of the Court's ruling denying the Defendants' Motion for Summary Judgment, Lt. Mears prays that the Court enter an order denying the Plaintiff's Motion in Limine as to these reports.

                                                **DEPARTMENT OF JUSTICE**
                                                **STATE OF DELAWARE**

                                                */s/ Ralph K. Durstein, III*
                                                Ralph K. Durstein, III (ID# 912)
                                                Stacey X. Stewart (ID#4667)
                                                Deputy Attorneys General
                                                Department of Justice
                                                State of Delaware
                                                820 N. French Street, 6th Floor
                                                Wilmington, DE 19801
                                                (302)577-8510

Dated: August 1, 2008