IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L. ADKINS,<br>Executrix of the Estate<br>of JOHN J. BALAS, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )    C. A. No. 06-592-JJF<br>) |
| TRUMAN MEARS, | )<br>) |
| Defendant. | ) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE REGARDING PROBATIVE VALUE AND ADMISSIBILITY OF PLEADINGS[1]**

**1.    The Plaintiff's application is not a proper subject for a motion in limine.**

The Plaintiff seeks, under the guise of a Motion in Limine, a judgment from the Court on purported "judicial admissions". What the Plaintiff appears to be asking of the Court is that certain allegations in her Complaint, and the defense responses thereto, be presented to the jury as evidence in this case. The Plaintiff cites no authority in support of this novel proposition, that portions of the initial pleadings have independent evidentiary value in the case.[2] A motion in limine is not the appropriate method to pursue such a claim. The purpose of a motion in limine is to seek the pretrial exclusion of evidence deemed inadmissible or unfairly prejudicial to a party's interest. The Court should not sanction an untimely effort by the Plaintiff to seek a legal

---

[1] The Plaintiff's Motion carries the unwieldy caption "Motion in Limine to Bar the Defense from Now Denying What was Admitted in Their Answer" [sic]. The defense has modified the title line in its response to better reflect the apparent relief that the Plaintiff is seeking in her Motion.

[2] The case of *Durkin Contracting, Inc. v. City of Newark*, 2006 WL 2724882 (D.Del. 2006), cited by the Plaintiff, concerns a motion for reconsideration of summary judgment. The Court in *Glick v. White Motor Co.*, 458 F.2d 1287 (3rd. Cir. 1972), dealt with an alleged admission occurring during trial.

ruling on an issue that, if proper at all, should have been submitted through a motion for summary judgment within the time limits set forth in the Scheduling Order in this case.[3]

### 2. **The Court will freely allow the amendment of the pleadings to conform to the evidence.**  F.R.Civ.Pr. 15(b).

The gravaman of the Plaintiff's Motion is that the defense should be bound at trial by certain responses contained in its initial responsive pleading in this case in February of 2007.[4] In effect, the Plaintiff seeks to render the discovery process and dispositive motion practice in this case, conducted over more than a year, from the March 16, 2007 initial conference to the May 8, 2008 pretrial conference, meaningless. The Rules of Civil Procedure reject such an approach to litigation, by providing for the liberal amendment of pleadings "as may be necessary to cause them to conform to the evidence". F.R.Civ.Pr. 15(b). Even in the midst of trial, if evidence is objected to as not within the issues reflected in the pleadings, the Court "may allow the pleadings to be amended and shall do so freely when the preservation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits." *Id.* In this case, to the extent that discovery disclosed facts beyond those set forth in the pleadings, the Plaintiff can hardly claim prejudice. She was on notice as to

---

[3] Indeed, since the relief sought by the Plaintiff appears to be limited to the face of the initial pleadings, it should properly have been the subject of a motion for judgment on the pleadings, pursuant to Rule 12(c). Such a motion is now time-barred, and contrary to the terms of the Scheduling Order in this case.

[4] The Plaintiff asserts in her Motion that the defense "requested and was given numerous extensions of time on the due date for their Answer". The record reflects that, while the Plaintiff filed her Complaint on September 25, 2006, she did not serve the Complaint on the defendants until January 17, 2007. The Answer was then filed on February 6, 2007 (D.E. #9), within twenty days of service. There was no delay on the part of the defense of "nearly five months" as alleged. The Answer was timely filed, without the need for any extension of time. The delay is solely attributable to the failure of the Plaintiff to serve the Complaint until nearly four months after its filing.

2

the testimony of witnesses, and the contents of documents, consistent with the underlying purpose of pretrial discovery. To the extent that facts elicited through discovery in this case vary with the pleadings, it is clear that the goal should be the trial of the case on its merits, and not the belated preclusion of facts at issue in the case.

**3.     The admissibility of facts alleged in the pleadings remains before the Court.**

Attached to the Plaintiff's Motion is a list of allegations taken from the initial pleadings in this case. Many of these contentions have been rendered moot by the Court's order granting summary judgment in favor of five of the original six defendants in the case, including the Department of Correction. The defense has objected to the admissibility of many of the other factual contentions, on grounds such as relevance, hearsay, and unfair prejudice. Other allegations have been placed at issue by contradictory testimony elicited during the many depositions in this case. Indeed, some of the evidence pertaining to the listed contentions is the subject matter of other motions in limine presently before the Court. Pleadings have no independent basis for admissibility at trial. The facts alleged must still be proved at trial. The admissibility of evidence as to facts alleged in the pleadings is subject to an independent determination by the Court, pursuant to the Rules of Evidence. Characterizing portions of pleadings as "admissions" does not confer on such evidence any "backdoor" path to admissibility. The Plaintiff seeks relief in her motion that the Court, with respect, cannot provide in the context of a pretrial evidentiary motion.

For the reasons set forth above, Lt. Mears prays that the Court enter an order denying the Plaintiff's Motion in Limine as improperly brought, unsupported, and contrary to the interests of justice and a fair trial. The defense further prays that, to the extent necessary, the Court permit

the amendment of the pleadings to conform to the evidence.

                        **DEPARTMENT OF JUSTICE**
                        **STATE OF DELAWARE**

                        */s/ Ralph K. Durstein, III*
                        Ralph K. Durstein, III (ID# 912)
                        Stacey X. Stewart (ID#4667)
                        Deputy Attorneys General
                        Department of Justice
                        State of Delaware
                        820 N. French Street, 6th Floor
                        Wilmington, DE 19801
                        (302)577-8510

Dated:  August 1, 2008