IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L.ADKINS,<br>**Executrix of the Estate**<br>**of JOHN J. BALAS,**<br><br>Plaintiff,<br><br>v.<br><br>TRUMAN MEARS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C. A. No. 06-592-JJF<br>)<br>)<br>)<br>) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO EXCLUDE DX11 & DX12 – THE COMPLETE JOB HISORY OF DEENDANT LT. MEARS[1]**

1.  **The employment performance record of Lt. Mears is relevant**. **F. R. E. 401-402.** The allegations against Lt. Mears have a direct bearing on his role as a supervisor. Plaintiff alleges that Lt. Mears falsified information in his last evaluation of John Balas and created a negative evaluation, without justification, to retaliate against the decedent. Plaintiff's allegations are a direct attack on Lt. Mears' role as an employee and supervisor, placing his character, objectivity, credibility, and performance at issue. Thus, a record of Lt. Mears' exemplary performance as an employee and supervisor is relevant to the issues raised by the plaintiff in her attack on Lt. Mears.

2.  **Lt. Mears' employment performance does not confuse the issues or mislead the jury. F. R. E. 403.** The Court has broad authority under Rule 403 to exclude such evidence, with respect to the decedent and with respect to Lt. Mears' record. Normally the Court will

---

[1] Plaintiff also seeks to admit various commendations and awards of Balas, PX12. Should the Court find that the commendations and awards from the employment file of Lt. Mears should be excluded, the same would hold true for the commendations and awards of John Balas. As Plaintiff argues in her motion, the "jury's focus should be upon the late 2004, early 2005 time frame," and not the commendations and awards of John Balas dating back to 1995.

entertain a balancing test, as contemplated by the Rule. The limited probative value of past commendations and job history must be balanced against the issues raised in the lawsuit regarding a limited time frame. The risk to which the defendant is exposed in this case is that the plaintiff, as suggested in her pleadings and testimony, may seek to attack Lt. Mears job performance, qualifications, integrity, competence, and ability to perform as a supervisor. To the extent that the jury is exposed to such a broad-based attack, the risk of unfair prejudice is great, and the remedy for such testimony would be the rebuttal evidence contained in Lt. Mears' job history and personnel file.

      **3.**      **<u>Lt. Mears' employment record is not offered as character evidence.</u>  F. R. E. 404, 608.**  The Rules of Evidence strictly limit the use of evidence to attack or rehabilitate character. Evidence of a person's character or a trait of character is generally not admissible to prove that the person acted in conformity with that character trait on a given occasion. F.R.E. 404(a). The use at trial of evidence of specific instances of conduct to impeach a witness is limited to cross-examination as to a witness' truthfulness. F.R.E. 608(b). Any such inquiry is subject to the Court's discretion. The defense wholeheartedly supports a strict interpretation of these rules, so as to insulate Lt. Mears from broad attacks on his character and integrity. However, to the extent that the plaintiff, through testimony, argument, or innuendo, engages in such attacks, it is proper for the defense to rebut such evidence and to correct the record using exhibits contradicting the plaintiff's assertions.

WHEREFORE, the defense prays that the Court deny the Plaintiff's Motion in Limine, or, in the alternative, reserve decision on the admissibility of such exhibits, pending the testimony of Lt. Mears at trial.

                                      **DEPARTMENT OF JUSTICE**
                                      **STATE OF DELAWARE**

/s/ *Ralph K. Durstein, III*
Ralph K. Durstein, III (ID# 912)
Stacey X. Stewart (ID#4667)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510

Dated: August 1, 2008