# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CINDY L. BALAS a/k/a CINDY L. ADKINS,** | : | |
| **Executrix of the Estate of CORPORAL JOHN J.** | : | |
| **BALAS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **C.A.No. 06-592-JJF** |
| | : | |
| **LIEUTENANT TRUMAN MEARS,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFF'S RESPONSE IN SUPPORT OF HER MOTION IN LIMINE TO BAR THE DEFENSE FROM NOW DENYING WHAT WAS ADMITTED IN THEIR ANSWER**

THE NEUBERGER FIRM, P.A.
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: August 15, 2008                    Attorneys for Plaintiff

**A. A Motion in Limine is the Proper Mechanism.** The defense claim of impropriety does not pass muster under our District's own precedent. In <u>Donald M. Durkin Contracting, Inc.</u> <u>v. City of Newark</u>, 2006 WL 2724882, *6 (D.Del. Sept. 22, 2006), the use of such a motion was sanctioned by our District as a means to prevent a defendant from changing course midstream and denying what was long ago admitted in their Answer. The defense statement (AB at 1 n.2) that <u>Durkin</u> is distinguishable because it only addressed a motion for reconsideration is incorrect.

**B. Numerous Courts Have Held that Matters Admitted in a Defendant's Answer Are Conclusively Established for the Purposes of the Litigation.** As noted above, our District has already refused to allow a defendant to belatedly change course midstream and deny what was long ago admitted in their Answer, stating, "[i]t would be patently unfair and judicially inefficient to allow the [defendant's] defense to be a moving target, after the parties and the Court have relied upon the [defendant's] admissions." <u>Id.</u> at *7.

But even if one were somehow to ignore our own District's case law as the defense requests, given that plaintiff cited more than 10 cases from outside of our district holding that matters admitted by a defendant in their Answer are deemed conclusively established for the purposes of the litigation (OB at 2), it is curious that the defense claims that "no authority" has been cited "in support of this novel proposition." (AB at 1). At the risk of repetition, "matters admitted in a defendant's answer require neither proof nor finding." <u>Martinez v. Cornell</u> <u>Corrections of Texas, Inc.</u>, 229 F.R.D. 236, 238 (D.N.M. 2005) (internal punctuation omitted). Numerous courts have held the same. (<u>See</u> OB at 2 n.1).

**C. The Defense Has Misstated the Issue.** The defense claim that plaintiff mistitled her own motion and is somehow asking to be allowed to present 'mere' evidence at trial misses the point and misstates the issue.

1

> Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal. Indeed, they are "not evidence at all but rather have the effect of withdrawing a fact from contention."

Keller v. U.S., 58 F.3d 1194, 1198 n.8 (7th Cir. 1995) (cited and quoted with approval in Durkin, 2006 WL 2724882, *7). The judicial admissions at issue are not mere pieces of evidence that may be controverted by other pieces of evidence. Instead, these are formal concessions or stipulated facts which the defendant, by admitting to them in his Answer, have been formally withdrawn from contention in the case. They cannot now be denied or controverted by the defense. As the District of New Jersey has explained, it is certainly not unfair to hold a party "to its unambiguous and plainly worded statements, deliberately drafted by counsel for the express purpose of limiting and defining the facts at issue." In re Cendant Corp., 109 F.Supp.2d 225, 230 (D.N.J. 2000) (internal punctuation omitted). "[J]udicial efficiency demands that a party not be allowed to controvert what it has already unequivocally told a court by the most formal and considered means possible." Soo Line R. Co. v. St. Louis Southwestern Ry. Co., 125 F.3d 481, 483 (7th Cir. 1997) (cited and quoted with approval in Durkin, 2006 WL 2724882, *7).

   **D. Plaintiff Relied to Her Detriment on the Defense Admissions.** The defense claim that it would render discovery meaningless to hold a party to what they admitted in their Answer, does not make sense. The admissions and denials in the defense Answer set the parameters of which facts were in dispute and needed to be explored in discovery. The matters admitted by the defense in their Answer did not require exploration in discovery because they were neither in contention nor dispute. In taking discovery, plaintiff relied upon this. Now, at this 11th hour, the defense claims that it should not be held "to its unambiguous and plainly worded statements, deliberately drafted by counsel for the express purpose of limiting and defining the facts at

issue." In re Cendant Corp., 109 F.Supp.2d at 230 (internal punctuation omitted).  The case law

does not support this improper defense effort.

It is well established under Fed.R.Civ.P. 15(a) that the broad range of equitable factors to

be considered "includ[es] a party's delay in seeking leave to amend and any prejudice to the

opposing party."  Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006); see Long v. Wilson,

393 F.3d 390, 399 (3d Cir. 2004) (in the waiver context, "the passage of time factors into the

analysis of whether a plaintiff has suffered prejudice by a delay in amending an answer....");

Long v. Lipkins, 96 F.R.D 234, 234-35 (E.D.Pa. 1983) (denying a motion to amend an Answer

because of a 19 month delay).

The defense Answer was filed on February 6, 2007.  More than 18 months have passed

since that time.  Discovery has long since ended, summary judgment completed and we are on

the eve of trial.  The defense has still not filed a motion to amend.  But even if one were to

interpret their opposition as such a motion, it is clear that too much time has passed given that

plaintiff relied on the numerous admissions, carefully crafted by experienced defense counsel in

his Answer to narrow the scope of discovery in this case.  The rules do not allow the defense to

require plaintiff to hit a moving target, especially on the eve of trial.  The defense request to do

so is merely a tactic intended both to lengthen and delay trial and require further discovery, long

after the discovery cut-off in this case has passed.

**E.  Conclusion.**  For the aforementioned reasons, plaintiff's motion should be granted

and the defendant barred from now denying those matters judicially admitted in his Answer.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger

3

**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: August 15, 2008                Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on

August 15, 2008, I filed this **Pleading** with the Clerk of the Court using CM/ECF which will

send notification of such filing to the following:

> Ralph Durstein, Esquire
> Stacey Stewart, Esquire
> Department of Justice
> Carvel State Office Building
> 820 North French Street
> Wilmington, DE 19801

> /s/ Stephen J. Neuberger
> **STEPHEN J. NEUBERGER, ESQ.**