IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CINDY L. BALAS a/k/a CINDY L. ADKINS,** : <br> **Executrix of the Estate of CORPORAL JOHN J.** : <br> **BALAS,** : <br> : <br> **Plaintiff,** : <br> : <br> v. : <br> : <br> **LIEUTENANT TRUMAN MEARS,** : <br> : <br> **Defendant.** : | C.A.No. 06-592-JJF |

**PLAINTIFF'S RESPONSE IN SUPPORT OF HER MOTION IN LIMINE TO EXCLUDE
DX11 & DX12 - THE COMPLETE JOB HISTORY OF DEFENDANT LT. MEARS**

 

THE NEUBERGER FIRM, P.A.
THOMAS S. NEUBERGER, ESQ. (#243)
STEPHEN J. NEUBERGER, ESQ. (#4440)
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: August 15, 2008            Attorneys for Plaintiff

**A. Fed.R.Evid. 401-402 (Relevance).** As explained in greater detail in plaintiff's opening motion, Mears' job performance since 1989 is not at issue in this case. He is not claiming discrimination or disparate treatment of any kind. He is not claiming that he was retaliated against and given a lower evaluation despite his performance being demonstrably identical to prior years. The only facts of consequence in this case are whether Mears retaliated against plaintiff in 2004-2005 and drove him to kill himself. Nearly two decades of Mears' prior work history has no bearing on this.

**B. Fed.R.Evid. 403 (Confusion of the Issues & Misleading the Jury).** To its credit, the defense concedes "[t]he limited probative value of past recommendations and job history." (AB at 2). The defense also concedes that "the risk of unfair prejudice is great." (AB at 2). With the defense having made plaintiff's argument for her, plaintiff wholeheartedly agrees that DX 11 & 12 should be excluded for these reasons.

Notably, the defense also fails to respond in any way, shape or form to plaintiff's well reasoned arguments that this evidence also should be excluded because of the significant danger of confusion of the issues and unfair prejudice. Accordingly, the defense concedes that the evidence should be excluded on these grounds as well, all the more so in the face of the defense admission of "[t]he limited probative value of past recommendations and job history." (AB at 2).

**C. Fed.R.Evid. 404(a) (Improper Character Evidence).** Under Fed.R.Evid. 404(a), "[g]enerally, evidence of a person's character is not admissible for the purpose of proving action in conformity therewith." Renda v. King, 347 F.3d 550, 553-54 (3d Cir. 2003). The defense again concedes that Rule 404(a) should be "strictly" interpreted (AB at 2) and that evidence of character is not admissible to prove conformity therewith. (AB at 2). To quote the defense pleading, "[t]he defense wholeheartedly supports a strict interpretation" of this rule. (AB at 2).

1

The defense relevance discussion flatly argues that plaintiff's lawsuit has placed the defendant's character at issue and this exhibit is being offered to prove the defendant's "exemplary" character. (AB at 1). But that is the very type of character evidence explicitly prohibited by the rule - character evidence offered to prove conformity therewith. Such an improper use must be excluded as a violation of the plain text of Rule 404(a).

**D. Conclusion.** For the reasons set forth above, the Court should exclude both DX 11 and DX 12.[1]

                                    Respectfully Submitted,

                                    **THE NEUBERGER FIRM, P.A.**

---

[1] Because defendant failed to file any type of motion in limine to exclude PX12 (plaintiff's awards and commendations) and only raised his belated claim to exclude that exhibit in his opposition to plaintiff's motion in limine, it is clear he has waived his objections by failing to raise them in a timely manner as ordered by the Court at the pretrial conference. Out of an abundance of caution however, plaintiff notes that PX12 is not being offered merely to show that plaintiff was a good employee. Instead, it is being offered to show that plaintiff was retaliated against by defendant Mears.
     A large part of this case centers on plaintiff's September 2004 performance evaluation. Despite the abundant testimony and documents showing otherwise, the defense nevertheless contends that plaintiff had performance problems justifying a lowered evaluation. Plaintiff contends that his performance in 2004 was the same, if not better than in prior years. In those prior years, plaintiff received the same types of awards and commendations, but perhaps less of them, than he received leading up to his 2004 performance evaluation. This exhibit tends to prove that plaintiff did not suffer from any drop in performance in 2004 which would explain his lowered performance evaluation, i.e. - he received similar, if not more awards and commendations than he had received in prior years, <u>yet was given an even lower performance evaluation for having a better year</u>. Thus this exhibit tends to prove that plaintiff did not suffer from any drop in performance which would explain his lowered performance evaluation - in fact, his performance was arguably even better.
     When viewed in conjunction with PX 7, defendant Mears' supervisor's file on plaintiff where all disciplinary and performance problems are supposed to be documented (and where there is nothing negative whatsoever about plaintiff's performance), these exhibits compellingly demonstrate that there were no problems with plaintiff's performance which was comparable, if not even better, than in prior years.
     Therefore plaintiff's poor performance evaluation had to be caused by something other than his work performance - retaliation.

        /s/ Stephen J. Neuberger
        **THOMAS S. NEUBERGER, ESQ. (#243)**
        **STEPHEN J. NEUBERGER, ESQ. (#4440)**
        Two East Seventh Street, Suite 302
        Wilmington, Delaware 19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com

Dated: August 15, 2008        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on August 15, 2008, I filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Ralph Durstein, Esquire
>Stacey Stewart, Esquire
>Department of Justice
>Carvel State Office Building
>820 North French Street
>Wilmington, DE 19801

>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**