IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **CINDY L. BALAS a/k/a CINDY L. ADKINS,** **Executrix of the Estate of CORPORAL JOHN J. BALAS,** | : : : : |
| **Plaintiff,** | : : |
| v. | :  C.A.No. 06-592-JJF |
| **LIEUTENANT TRUMAN MEARS,** | : : : |
| **Defendant.** | : |

**PLAINTIFF'S RESPONSE IN SUPPORT OF HER MOTION IN LIMINE TO EXCLUDE DX9 & DX10 - THE DELJIS AND POLICE REPORTS OF PLAINTIFF'S SUICIDE**

THE NEUBERGER FIRM, P.A.
THOMAS S. NEUBERGER, ESQ. (#243)
STEPHEN J. NEUBERGER, ESQ. (#4440)
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated:  August 15, 2008        Attorneys for Plaintiff

**A. Fed.R.Evid. 401-402 (Relevance).** First, the defense claim that the Court's summary judgment opinion requires admissibility of these exhibits is incorrect. In brief, the cause of plaintiff's suicide is at issue in this case, not the fact of the suicide itself. The fact of the suicide was removed from contention when the defendant admitted it in his Answer.

Second, the defense claim that they will call multiple police officers to testify as to their investigation into plaintiff's death is similarly problematic for the defense. Plaintiff acknowledges that the defense is free to call Corporal Mitchell of the DSP as he was timely identified as a witness in defendants' Rule 26 disclosures in April of 2007. However, despite several amendments to their Rule 26 disclosures throughout discovery, the defense never identified any other police officers as witnesses who would be used in support of the defense case. Defendants cannot simply continue to belatedly add fact witnesses to this case so long after the close of discovery and on the eve of trial. Plaintiff cannot be expected to hit a moving target.[1]

Next, although they fail to identify the exhibit containing it, the defense also asserts that there is a statement in one of these exhibits, purportedly recorded by a police officer, indicating that plaintiff's wife said he was depressed because of the affair. It is clear that the defense wants to offer this statement by plaintiff's wife for the truth of the matter asserted - to prove that plaintiff killed himself for reasons unrelated to workplace retaliation. Putting to the side the question of why the defense failed to question plaintiff's wife about this statement during her deposition, the defense position that this is an admission is flatly incorrect.[2]

---

[1] Thus, Sgt. Robert Hudson is not a proper witness since he was never identified by the defense.

[2] The defense claim that this is an admission appears to concede the fact that statement would be hearsay if it is not found to be an admission.

1

The plaintiff in this case should be John Balas. Because he is dead, the plaintiff became Cindy Balas a.k.a. Cindy Adkins as the Executrix of the Estate of John Balas. Cindy Adkins is not a party to this case in her individual capacity as plaintiff's spouse for any type of loss of consortium claim. Instead, she is a party to this case solely in her capacity as Executrix of John Balas' estate. The question then becomes what hat was she wearing when the statement was made. If she was wearing her hat as Executrix, the statement could be an admission. If the hat is that of spouse, than it is inadmissible as hearsay. Given that no Estate had yet been opened in the minutes after plaintiff's death, the analysis is a simple one and it is clear that she was speaking as a grieving wife, not as the legal administrator or Executrix of her late husband's estate. Thus, this statement is inadmissible hearsay. The defense is free to question her about any statements she may or may not have made during her direct testimony. But such statements do not come in as admissions of a party opponent because she is not a party to this case in her personal capacity.

Thus the true purpose of this exhibit - to offer alleged out of court statements for the truth of the matter asserted - is revealed and such statements are inadmissible hearsay under Fed.R.Evid. 802.[3] This applies to the purported statements the defense admittedly seeks to offer from both Cindy Adkins and from Arthur Lee Mears. Each of these witnesses was deposed by the defense. Each may be called as witnesses at trial and questioned about these purported statements (and it is curious as to why the defense did not do so at the depositions of these witnesses if these purported statements truly are as important as alleged). Regardless, by definition the proposed defense use of these statements is inadmissible as hearsay.

**B. Fed.R.Evid. 403.** In the same way, if the only purpose of these documents is to admit

---

[3] Technically, this would be double hearsay since it is the recorded statement purporting to be that of plaintiff's spouse within the larger police report which is being challenged.

several purported statements for the truth of the matter asserted, it is clear that the remainder of these documents should be excluded for the reasons contained in plaintiff's opening motion.[4]

    **C. Conclusion**. For the reasons set forth above, the Court should exclude both DX9 and DX10.

                            Respectfully Submitted,

                            **THE NEUBERGER FIRM, P.A.**

                            /s/ Stephen J. Neuberger
                            **THOMAS S. NEUBERGER, ESQ. (#243)**
                            **STEPHEN J. NEUBERGER, ESQ. (#4440)**
                            Two East Seventh Street, Suite 302
                            Wilmington, Delaware 19801
                            (302) 655-0582
                            TSN@NeubergerLaw.com
                            SJN@NeubergerLaw.com

Dated: August 15, 2008           Attorneys for Plaintiff

---

[4] The purported defense interest in having police officers testify about plaintiff's suicide notes is curious given that the defense has moved to exclude plaintiff's suicide notes as evidence in this case. (See D.I. 91).

**CERTIFICATE OF SERVICE**

      I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on August 15, 2008, I filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> Ralph Durstein, Esquire
> Stacey Stewart, Esquire
> Department of Justice
> Carvel State Office Building
> 820 North French Street
> Wilmington, DE 19801

      /s/ Stephen J. Neuberger
      **STEPHEN J. NEUBERGER, ESQ.**