**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CINDY L. ADKINS,<br>Executrix of the Estate<br>of JOHN J. BALAS, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) C. A. No. 06-592-JJF |
| TRUMAN MEARS, | )<br>) |
| Defendant. | ) |

**DEFENDANT'S REPLY TO MOTION IN LIMINE TO PRECLUDE COAD
GRIEVANCE AND RELATED TESTIMONY OR ARGUMENT**

1. <u>The document is not admissible as a recorded recollection.</u>[1]  Rule 803(5) "applies only to the recorded recollection of a witness who is present and testifies, and not to the recorded recollection of an absent declarant." *Zenith Radio Corp. v. Matushita Elec. Indus. Co., Ltd.* 505 F.Supp. 1190, 1229 n. 48 (E.D. Pa. 1980), *aff'd in part, rev'd in part on other grounds* 723 F.2d 238 (3rd Cir. 1983); *See also Sieber v. Wigdahl*, 704 F.Supp. 1519, 1525-26 (N.D. Ill. 1989) (803(5) is limited to instances where the declarant is present and testifies). The proponent of the statement also "must show that it was made or adopted at a time when the subject matter was fresh in the witness's memory, and that the witness now has insufficient recollection to enable him to testify fully and accurately." *Id*, citing *U.S. v. Williams,* 571 F.2d 344 (6th Cir.), cert. denied 439 U.S. 841 (1978); *U.S. v. Judon*, 567 F.2d 1289 (5th Cir. 1978).

Because Balas is not testifying, it can not be said that he has insufficient recollection to enable him to testify.  Plaintiff makes the assertion, unsupported by authority, that Balas'

---

[1] Simply because F.R.E. 612 and F.R.E. 803(5) contain the same requirement of first establishing that a witness once had knowledge and now can not fully recall does not mean that Defendants have confused the rules.

statements meet the first prong of an 803(5) analysis because he is dead and cannot testify. This argument is not supported by Third Circuit precedent and the plain language of the rule requiring that a witness be present, testify, insufficiently recollect on the stand, and confirm the hearsay statement was adopted when events were fresh in the witness' mind. As noted by the Court in *Zenith*, the language of the rule itself as well as the accompanying advisory notes, speak to a "witness" as opposed to a "declarant" as used in other hearsay exceptions. *Id.*

Plaintiff cites to a Washington state court case, *State v. Derouin*, 64 P.3d 35 (Wash. Ct. App. 2003), for the proposition that 803(5) does not always contemplate that the witness will testify. Washington state court precedent applying state rules of evidence is not persuasive in the analysis of this case. Specifically when the Washington court notes the lower court's caution considering "this is a new expansion of law that is *unique* to this division of the State" and "*this is not a generally acknowledged exception*." *Id*. at 44-45 (emphasis added). As discussed, this "unique expansion of the law" by the Michigan state courts is not shared by the federal courts of the Third Circuit.[2] *See Zenith, supra*.

The Sixth Circuit case cited by Plaintiff also does not provide support for the admission of the grievance. Indeed, it supports Defendant's position that the witness must testify. *U.S. v. Porter*, 986 F.2d 1014, 1017 (6th Cir. 1993). In *Porter,* the declarant testified as a witness at trial and the Court noted that when admitting statements pursuant to Rule 803(5), "*the out-of-court declarant is actually on the witness stand and subject to evaluation by the finder of fact, in this case the jury.*" *Id.* (emphasis added).

---

[2] Even if Michigan's state specific test was shared by the federal courts, it uses a fact intensive totality of circumstances analysis. Applying the test in *Derouin*, the Court found that the writing had other guarantees of trustworthiness. For example, the writing was a statement made to a police officer who informed the declarant that she was under penalty of perjury. As thoroughly discussed in Defendants' Motion (D.I. 90), there are few guarantees of trustworthiness in this case.

Plaintiff also ignores Defendants' argument, and the clear limitations of Rule 803(5), and continues to seek admission of the grievance as an exhibit. Even if the Court were to find that the writing may be used to enable a witness to testify fully and accurately, the writing itself is not admissible as an exhibit.

2. <u>The document is not admissible as a business record</u>. Notably, Plaintiff's response does not identify a qualified witness who will testify that this grievance was kept and found in the business records of the DOC or COAD as required by the rule. The best evidence in this case that the COAD grievance was not filed is the records of COAD itself. Plaintiff attempts to sweep this evidence aside by stating in a footnote "that COAD lost its carbon copy of the grievance is irrelevant". Plaintiff provides no support for her argument that COAD "lost" its copy. The COAD response indicates that it has no record of any activity on John Balas, not that it "lost" its records.

Plaintiff also attempts to argue that the grievance was filed by citing to various statements in the record, none of which provide support for Plaintiff. Not one of the witnesses had personal knowledge that the grievance was actually filed.

3. <u>The document is not admissible under the residual exception.</u> F.R.E. 807. Plaintiff provides little response to refute the various problems and inherent unreliability of the grievance. As discussed in Defendants' Motion (D.I. 90), the statements contained in the grievance do not have any indicia of reliability and are not the type of inherently reliable evidence this exception was designed to include. Admission of the statements without the opportunity to flesh them out or for cross-examination would be extremely prejudicial to Lt. Mears. The un-sworn, self-serving statements of subjective belief in the grievance can not be admitted at trial.

                                 **DEPARTMENT OF JUSTICE**
                                 **STATE OF DELAWARE**

                                 */s/ Ralph K. Durstein, III*
                                 Ralph K. Durstein, III (ID# 912)
                                 Stacey X. Stewart (ID#4667)
                                 Deputy Attorneys General
                                 Department of Justice
                                 State of Delaware
                                 820 N. French Street, 6th Floor
                                 Wilmington, DE 19801
                                 (302)577-8400

Dated: August 15, 2008