IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L. ADKINS,<br>Executrix of the Estate<br>of JOHN J. BALAS,<br><br>      Plaintiff,<br><br>      v.<br>TRUMAN MEARS,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C. A. No. 06-592-JJF<br>)<br>)<br>) |

## DEFENDANT'S REPLY TO MOTION IN LIMINE TO PRECLUDE ADMISSION OF EVIDENCE OR CLAIMS OF RETALIATORY CONDUCT BEFORE SEPTEMBER 25, 2004

Plaintiff's response does not dispute that the first act of alleged retaliation was the September 25, 2004 performance evaluation. Yet, Plaintiff objects to Defendants' Motion. The reasons for such objection are unclear, given the admission that the evaluation is the first act of retaliation. If that is the case, there is no alleged retaliatory conduct in the seven weeks between the resignation and the evaluation.

Plaintiff argues that events surrounding an adverse action can be relevant evidence, citing to *Stewart v. Rutgers, The State University*, 120 F.3d 426, 433 (3d Cir. 1997).[1] In *Stewart*, the surrounding event was a previous denial of tenure. In contrast, in this case, there is no evidence of other relevant events between the CERT resignation and the evaluation. Plaintiff's Response makes the esoteric argument that Plaintiff's "fear" of retaliation in the seven weeks following the resignation is the other event evidence against Lt. Mears. Plaintiff's subjective "fear" is not evidence, and subjective belief can not be a substitute for competent evidence. *See Pilgrim v. Trustees of Tufts College*, 1180 F.3d 864, 871 (1st Cir. 1997); *Douglas v. United Services Auto*

---

[1] Notably, the *Stewart* case is a racial discrimination case with a different analysis than a First Amendment retaliation claim. The other relevant act was a time-barred "discriminatory event".

1

*Ass'n*, 79 F.3d 1415, (5th Cir. 1996). *See also Shankle v. Bell*, 2006 WL 2794559 (W.D. Pa. Sept. 27, 2006)(citing *Sporn v. Ocean Colony Condo. Ass'n.*, 173 F.Supp.2d 244, 251 (D.N.J. 2001)(testimony of subjective belief rejected for the purposes of showing retaliatory motive)).

Even if the Court could find that the feeling of "fear" is a relevant event, Plaintiff does not have admissible evidence to support this supposed "fear". Plaintiff's argument that the record is "full of testimony and evidence speaking to plaintiff's fear of retaliation" is without merit. Plaintiff cites to the testimony of Cindy Adkins. She has no personal knowledge of the incidents, and can only provide inadmissible hearsay testimony based on what her husband told her. Even if this testimony were admissible, in the cited portions, Cindy Adkins did not testify to Balas' "fear of retaliation" in the seven weeks before the evaluation.[2] She testified about a conversation she shared with her husband two weeks before his death in February of 2005 relating to his feelings at that time.

As for Plaintiff's argument that Balas was excessively monitored by Lt. Mears – a supervisor who monitors his employees as part of his job requirements – this odd allegation continues to be asserted throughout the litigation, but has not once been supported by any evidence. Indeed, it began with the argument that Lt. Mears excessively monitored and took notes on Balas' conduct. Having found that these notes do not exist and never did, Plaintiff seems to have abandoned that part of the argument but continues to make the "excessive monitoring" allegation. There has been no evidence, presented, however that this actually occurred, and certainly no evidence that it occurred in the seven weeks after the CERT resignation.

---

[2] D.I. 64, Appendix to POB at A1031-32.

Balas' "fear" is not an event; it is a feeling. As admitted by Plaintiff, the first act of alleged retaliatory conduct was the evaluation of September 25, 2004, seven weeks after the resignation. In realizing the gap of time, Plaintiff can not now back peddle in an attempt to insert subjective and unsupported allegations of Balas' "fear" in those seven weeks to support a finding of constitutional liability against Lt. Mears. If the Plaintiff wanted to encompass events during those weeks, she should have filed her Complaint sooner.

The defense has no ulterior motive in requesting that the Court limit the evidence at trial to the first incident of alleged retaliation on September 25, 2004 forward. Given the record in the case, and the arguments made thus far, this should be how the trial proceeds in any event. The defense is entitled, however, to make this distinction clear prior to trial to avoid unnecessary objections and delays at trial, and to prevent improper references to this time frame in the plaintiff's opening statement and closing arguments.

Balas' subjective fear of retaliation is not constitutionally actionable, and there are no alleged acts of retaliation prior to September 25, 2004. Thus, the plaintiff is barred from arguing any such acts, and counsel for Lt. Mears should be permitted to state in its opening statement that the first act of alleged retaliatory conduct did not occur until seven weeks after the CERT resignation.

WHEREFORE, the defense asks that the Court enter an order barring the plaintiff from making any reference at trial to any alleged act of "retaliation" before September 25, 2004.

                      **DEPARTMENT OF JUSTICE**
                      **STATE OF DELAWARE**

                      /s/ *Ralph K. Durstein, III*
                      Ralph K. Durstein, III (ID# 912)
                      Stacey X. Stewart (ID#4667)
                      Deputy Attorneys General
                      Department of Justice
                      State of Delaware
                      820 N. French Street, 6th Floor
                      Wilmington, DE 19801
                      (302)577-8400

Dated: August 15, 2008