IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L. ADKINS,<br>Executrix of the Estate<br>of JOHN J. BALAS,<br><br>      Plaintiff,<br><br>      v.<br>Truman Mears,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   C. A. No. 06-592-JJF<br>)<br>)<br>)<br>) |

**DEFENDANT'S REPLY TO MOTION IN LIMINE TO EXCLUDE HEARSAY**

    1. <u>The statements are not present sense impressions.</u> F.R.E. 803(1).[1] Plaintiff ignores the foundation problems with admitting the journal entries and the narration of events (PX3 and PX16) as present sense impressions. The issue is not how much time can pass between the event and the statement to qualify as a present sense impression, but whether statements can be admitted as present sense impressions absent *any* evidence of when they are made.

    The inclusion of dates and times is not sufficient to qualify a written statement as a present sense impression. The statements, and dates and times, could have been written at the end of the day, week, or month, or any time when Balas was trying to recollect events. We simply do not know.[2] There is no witness to testify as to when the entries were made. As Plaintiff argues in footnote two of the Response in discussion of PX3, Balas' wife "only saw the notes after they were written." She cannot testify to the contemporaneity of the writings. Absent any evidence to establish the interval of time between the events and the recording of events, the statements cannot be admitted as present sense impressions.

---

[1] Plaintiff has provided no response to argue the admissibility of PX4 pursuant to 803(1). The suicide notes are not admissible as present sense impressions.

[2] Compare with the case cited by Plaintiff, *U.S. v. Blakely*, 607 F.2d 779 (7th Cir. 1979), where the record before the Court enabled it to determine that the statement was made within 23 minutes of the event.

2.   <u>The hearsay statements are not admissible as recorded recollection.</u>  F.R.E. 803(5).  For the same reasons outlined and argued in Defendant's Reply to Motion in Limine to Exclude the COAD Grievance, Plaintiff's application of the recorded recollection exception is incorrect, and ignores the plain language of the rule and the precedent of this jurisdiction.

3.   <u>The hearsay statements are not admissible under the state of mind exception.</u>  F.R.E. 803(3).  Balas' narration of events (PX16) contains multiple allegations against Lt. Mears derived from Balas' perceived recollection of events and his *memories and beliefs*, the very type of statements excluded by the plain language of this rule.

While the journal entries contain statements such as "I feel" which tend to describe a current emotion, they also contain statements of memory and belief as acknowledged by Plaintiff.  Because of the statements of memory and belief, and for the reasons outlined in Defendants' Motion, the entries are not admissible under 803(3).

4.   <u>The hearsay statements are not admissible under the statements made for medical diagnosis exception.</u>  F.R.E. 803(4).  Plaintiff does not respond to the inherent problems of unreliability and prejudice other than to say the court should not consider them because this exception is "firmly rooted".  Guarantees of trustworthiness form the basis for admission under any of the hearsay exceptions.  *See U.S. v. Mitchell*, 145 F.3d 572, 576 (3d Cir. 1998).  And all evidence must be weighed to determine if its probative value is substantially outweighed by unfair prejudice.  As argued in Defendants' Motion, this evidence is not reliable and the risk of unfair prejudice far outweighs any probative value given Balas' mixed motives in making the statements.

5.   <u>The narration of events (PX16) cannot be admitted under the residual exception to the hearsay rule.</u>  F.R.E. 807.  Plaintiff attempts to characterize this exception as requiring

admission of these statements because Balas is deceased. Plaintiff has cited to no authority to support this argument and it undermines the purpose of the rule. Rule 807 requires "exceptional guarantees of trustworthiness" that are simply not present in this case. *See U.S. v. Bailey*, 581 F.2d 341, 347 (3d Cir. 1978).

As outlined in Defendants' Motion, PX16 is rife with reliability concerns, and it does not have sufficient guarantees of trustworthiness to qualify under Rule 807. Despite Plaintiff's assertions that it is "contemporaneously created evidence", there is no evidence of this (as discussed in paragraph #1 above). We do not know how much time Balas had to recollect, misconstrue, or forget events, and we cannot eliminate the possibility that the statements could have been made in anticipation of litigation. Admission of these statements would eliminate the possibility of a fair trial for Lt. Mears.

6.  <u>The written documents are not relevant (PX3 and PX4), are unfairly prejudicial, and will confuse the issues at trial (PX3, PX4, PX16).</u> F.R.E. 401-403. Plaintiff has the burden at trial of establishing that Balas' suicide resulted from conduct of Lt. Mears. Plaintiff argues that the statements in the journal entries and suicide notes "tend to prove … that he killed himself for work related reasons, not because of his personal life." This argument is illogical considering the statements *only* discuss his personal life. Not one of the statements refers to Lt. Mears, or any aspect of Balas' employment. It is unclear how these statements tend to prove Balas killed himself because of Lt. Mears when they make no mention of Lt. Mears. Plaintiff's assertion that PX16 "tends to prove Mears' retaliatory intent" is also without merit considering the statements were purportedly written by Balas, and not Lt. Mears. They are a narration of events as perceived by Balas, reflecting the subjective beliefs of Balas. Balas' beliefs do not prove Lt. Mears' "intent".

3

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ *Ralph K. Durstein, III*
Ralph K. Durstein, III (ID# 912)
Stacey X. Stewart (ID#4667)
Deputy Attorneys General
Department of Justice State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8400

Dated: August 15, 2008