IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CINDY L. ADKINS, <br> Executrix of the Estate <br> of JOHN J. BALAS, <br> <br> Plaintiff, <br> <br> v. <br> <br> TRUMAN MEARS, <br> <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) C. A. No. 06-592-JJF <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE EVIDENCE OF MEDIA ACCOUNTS OF EXTRANEOUS EVENTS**

Lieutenant Truman Mears, the sole remaining defendant in this case, seeks an order precluding the introduction of Plaintiff's proposed exhibit PX1. In support of the motion, Defendant asserts as follows:

1.  As set forth in a related motion, the plaintiff is precluded under the applicable statute of limitations from basing her claims on events that took place prior to September 25, 2004. The events reflected in the voluminous newspaper articles offered, in addition to having no relevance to the remaining so-called "retaliation" allegations that form the basis for the lawsuit, are time-barred, for the reasons articulated in the defense Motion in Limine addressed to that issue.

2.  The plaintiff's response conveniently sidesteps the fundamental evidentiary flaws raised by the defense, namely that the proffered exhibits are inadmissible hearsay, have no relevance to the claims against the sole remaining defendant in this case, and would improperly and needlessly distract, confuse, and unfairly prejudice the jury. The plaintiff offers no plausible

support for the admissibility of these proposed exhibits under the Rules of Evidence. The proposed exhibit represents a blatant attempt by the plaintiff to inject political issues, unrelated to the job performance of the decedent or to the supervision by Lt. Mears, into the trial. The clear intent is to gratuitously attack the prison administration and the Governor – individuals who are not defendants in this case. Such media accounts have no probative value. In addition to the obstacles of hearsay and relevance facing the plaintiff, Rule 403 stands as a bulwark to prevent the trial becoming a travesty.

3. The plaintiff's bizarre conspiracy theory, aimed at prominent State officials from the Governor through the hierarchy of the Department of Correction, cannot survive the Court's Order granting summary judgment to all defendants save Lt. Mears. The law does not recognize a conspiracy of one. The plaintiff failed to produce any evidence in support of the theory set forth in her Complaint (and relied on in her response to the defense motion in limine), and ultimately abandoned claims against former Commissioner Stan Taylor, Alan Machtinger, Michael DeLoy, and David Wilkinson. She cannot now resurrect her claim that the actions of such officials had anything to do with Lt. Mears' treatment of the decedent. The plaintiff has forfeited the right to assert such a claim by failing to elicit any facts through the entire course of discovery that would suggest it has any validity at all.

4. The proposition that newspaper articles about persons who are not parties or witnesses in this lawsuit, and events months removed from the acts attributed to Lt. Mears, are evidence of his "state of mind", is simply ludicrous. F.R.E. 803(3) At a minimum, evidence of Lt. Mears' state of mind, as a hearsay exception, would be limited to statements allegedly made by him or attributed to him, and would not include statements by other people made months prior about events unrelated to the supervision of the decedent at work. The plaintiff cannot lay any

foundation for the admissibility of the media accounts as indicative of the state of mind of Lt. Mears, since he is not quoted or even mentioned, and did not acknowledge that any such materials represented his view or influenced his treatment of the decedent.

5.  The risk of prejudice to the defense from the injection of these unrelated issues into this case is extreme. It is a fallacy to suggest that such publicity had anything to do with Lt. Mears supervision of the decedent. The plaintiff's clear motive for offering such evidence is to tarnish the image of the State and the Department of Correction, and, by extension, to soil the character of Lt. Mears. The danger of unfair prejudice, confusion of the issues, and of misleading the jury is clear, as is the undue delay, waste of trial time, and needless presentation of cumulative evidence. F.R.E. 403.

For the reasons stated herein, and for the reasons provided by the defense in the Motion in Limine, the defendant requests this Court enter an Order precluding the admission of Plaintiff's proposed PX1 in its entirety, and other evidence not relevant to this litigation[*], at trial.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

/s/ *Ralph K. Durstein, III*
Ralph K. Durstein, III (ID# 912)
Stacey X. Stewart (ID#4667)
Deputy Attorneys General
Department of Justice
State of Delaware
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302)577-8510

Dated:  August 15, 2008

---

[*] The defense does not waive the right to raise evidentiary objections at trial, and preserves the objections raised in the Pre-trial Order and the right to object at trial to any exhibit offered by the plaintiff due to lack of foundation.