IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CINDY L. ADKINS,** | ) | |
| **Executrix of the Estate** | ) | |
| **of JOHN J. BALAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | C. A. No. 06-592-JJF |
| | ) | |
| **TRUMAN MEARS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE IN SUPPORT OF MOTION IN LIMINE TO
PRECLUDE DAMAGES AND CLAIMS FOR LOSS OF LIFE**

Lieutenant Truman Mears hereby modifies the original defense application to the Court, in response to the intervening Order as to summary judgment, and requests as relief that the Court order a bifurcated trial, pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, thus precluding the introduction of any evidence or argument pertaining to damages stemming from the suicide death of John Balas in the liability phase of the trial.  Evidence of damages in support of the wrongful death or survival action should be limited to the damage phase of trial, and only in the event of a finding of liability by the jury.  In support of the motion, Defendant asserts as follows:

1.    In the midst of briefing on the defense motion in limine, the Court has ruled that the plaintiff may pursue a claim for damages arising from the alleged wrongful death of John Balas.[1]  In the same Order, the Court granted partial summary judgment as to five of the defendants, such that Lt. Balas is the sole remaining defendant in the case.

---

[1] The Plaintiff is identified in the caption of the Complaint only in her capacity as the Executrix of the Estate of the decedent.  Under Delaware law, 10 *Del. C.* §3724, she could only claim damages for wrongful death as a plaintiff in her own right, which would necessitate an amendment of the Complaint.

2.     The plaintiff intends to call an economist, Thomas Borzilleri, as an expert witness to testify as to the losses allegedly sustained by the plaintiff.[2]  The inclusion of such evidence of purportedly extensive damages arising from the death of John Balas would severely prejudice the remaining defendant at trial on the issue of liability.

3.      As a matter of law, the plaintiff must first establish the liability of the defendant for the wrongful death of the decedent, before she can ask the jury to calculate the extent of any damages allegedly sustained as a result.  10 *Del.C.* §3724.

4.     Rule 42(b) provides that a trial may be bifurcated for one or more of three reasons:  [1] in furtherance of convenience, [2] to avoid prejudice, or [3] when separate trials would be conducive to expedition and economy.  Motions to separate the issues of liability and damages are to be granted by the Court on a case-by-case basis, and only when the separation will result in judicial economy and will not unduly prejudice any party.  *Smith v. Alyeska Pipeline Service Co.,* 538 F.Supp. 977, 982 (D.Del. 1982); *affirmed,* 758 F.2d 668 (3d Cir. 1984); *cert. denied*, 471 U.S. 1066 (1985) (Bifurcation granted).  Courts are given a great deal of discretion in deciding motions to bifurcate. *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F.Supp. 1429, 1433 (D.Del. 1989).  If even one of the factors set forth in Rule 42(b) is present, the Court will be justified in ordering bifurcation.  *Id.*

5.     In this case, just as in *Smith, supra,* there is no evidentiary overlap between liability and damages.  One trial would tend to clutter the record and confuse the jury.  *Id.*  And, as noted by the Court, a verdict in favor of the defendant on liability

---

[2] The projected losses appear to be limited to those allegedly sustained by the present plaintiff, the executrix of the estate of the decedent, also the widow of John Balas.  There has been no claim asserted, and no proffer of evidence, as to any loss sustained by the minor children of the decedent, who are not plaintiffs in this action.

would eliminate the need for any further trial time. *Id.* Thus the goal of judicial economy would be served. Evidence unnecessary to the issue of liability would be avoided in that phase of trial, thus eliminating the risk of prejudice to the defendant.

6. The plaintiff cannot claim prejudice from a bifurcated trial, in that her right to claim damages is preserved, but only in the event of a jury verdict finding liability for wrongful death. Bifurcation of the liability and damages cases would promote judicial economy, and would not result in delay, additional expense, or some other form of prejudice. *Contrast H.B. Fuller Co. v. National Starch & Chem. Corp.*, 595 F.Supp. 622, 625 (D.Del.1984).

7. The defense does not seek any delay beyond the trial date already set by the Court. The defense would propose that the same jury be retained, in the event of a verdict in favor of the plaintiff on liability, to immediately hear the damage phase of the case. Thus, bifurcation would not delay disposition of the lawsuit; nor would bifurcation prolong a resolution of the case. Rather, bifurcation would expedite and simplify the presentation of the liability issues, while preserving the plaintiff's right to present evidence as to purported damages, contingent on the jury verdict as to liability.[3]

                                                **DEPARTMENT OF JUSTICE**
                                                **STATE OF DELAWARE**

                                                /s/ *Ralph K. Durstein, III*
                                                Ralph K. Durstein, III (ID# 912)
                                                Stacey X. Stewart (ID#4667)
                                                Deputy Attorneys General
                                                820 N. French Street, 6th Floor
                                                Wilmington, DE 19801
August 15, 2008                          (302)577-8400

---

[3] Considering the Court's intervening summary judgment Order and thus Defendant's modified application, the Defendant is not opposed to an additional response from Plaintiff that is equal in length.