# THE NEUBERGER FIRM
ATTORNEYS AND COUNSELORS AT LAW

TWO EAST SEVENTH STREET
SUITE 302
WILMINGTON, DELAWARE 19801-3707

THOMAS S. NEUBERGER, ESQUIRE
STEPHEN J. NEUBERGER, ESQUIRE
RAEANN WARNER, ESQUIRE

WWW.NEUBERGERLAW.COM
EMAIL: INFO@NEUBERGERLAW.COM

PHONE: (302) 655-0582
FAX: (302) 655-9329

August 21, 2008

**Via CM/ECF Filing**

The Honorable Joseph J. Farnan, Jr.
J. Caleb Boggs Federal Building
844 N. King Street
Room 4124
Lockbox 27
Wilmington, DE 19801

RE:   **Balas v. Mears,** C.A. No. 06-592-JJF (D.Del.)

Dear Judge Farnan:

In their reply in support of their Motion in Limine to Preclude Damages and Claims for Loss of Life (D.I. 114), the defense has belatedly requested that trial be bifurcated. This is plaintiff's brief letter opposition to the untimely defense request.

**A.  Waiver.**  The defense has waived the bifurcation issue by failing to file a timely motion in limine addressing it.

**B.  The Exceptional Circumstances Requirement Is Not Met.**  Although a court has "broad discretion" to bifurcate claims or issues in a trial, Ciena Corp. v. Corvis Corp., 210 F.R.D. 519, 520 (D.Del. 2002), the need for "bifurcation should be particularly compelling and prevail only in exceptional circumstances." Crown Packaging Tech., Inc. v. Rexam Beverage Can Co., 498 F.Supp.2d 734, 736 (D.Del. 2007).

The conclusory defense claim the testimony of plaintiff's economist would cause it severe prejudice (D.I. 114 at ¶ 2) fails because defendant has failed to articulate or argue any prejudice arising from this testimony.[1]

More importantly, judicial economy would not be served by bifurcation. Although the testimony of plaintiff's economist will address damages alone, the defense fails to note that at least four of plaintiff's witnesses will testify as to both liability and damages issues: Carol A. Tavani, M.D., plaintiff's expert psychiatrist; Jeff Foskey; Lee Mears; and Cindy Balas. Each of these witnesses will testify to damages issues such as plaintiff's suffering and deterioration beginning after the CERT resignation and continuing until his suicide as well as to key liability issues - including the causal link between the workplace retaliation and plaintiff's suicide. The unduly burdensome defense request would require that each of these witnesses come to court

---

[1] The only possible prejudice to the defense arises from the fact that it declined to identify or retain any economist of its own, a type of prejudice of defendant's own making which should not weigh in the balancing.

The Honorable Joseph J. Farnan, Jr.
August 21, 2008
Page 2

twice to testify to matters which can otherwise be easily addressed during their first trip alone. Our District's case law recognizes that "recalling the same witnesses" is a factor weighing against bifurcation. <u>Crown Packaging</u>, 498 F.Supp.2d at 736. Accordingly, the defense has failed to establish the exceptional circumstances necessary for bifurcation.

     **C. Conclusion.** For the aforementioned reasons, the belated defense request for bifurcation should be denied.

     I am at the Court's disposal to address these matters further.

Respectfully submitted,


/s/ Stephen J. Neuberger

Attorney for Plaintiff


cc:    All Defense Counsel (via CM/ECF)

Balas \ Letters \ Farnan.07.wpd